IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-04E |
| ) | |
| PENNSYLVANIA DEPARTMENT OF ) | |
| CORRECTIONS; Superintendent ) | Judge Sean J. McLaughlin/ |
| HARLOW; Deputy HALL; Deputy ) | Magistrate Judge Maureen P. Kelly |
| BRYANT; Major GILLMORE; Major ) | |
| SUTTER; Captain WHITE; Captain ) | |
| FRONZ; Captain MORROW; Lieutenant ) | |
| DEAL; Sergeant WOLFE; Correction ) | |
| Officer STAFFORD; MAXINE OVERTON;) | |
| Dr. ROMAN; MENTAL HEALTH ) | |
| MANAGEMENT; WILLIAM WOODS; ) | |
| JOE BROWNLEE; E. BROWNLEE, GR- ) | |
| 9693; Correction Officer HARMON; ) | |
| Lieutenant IRWIN; and Sergeant RUFF; ) | |
| ) | |
| Defendants. ) | Re ECF No. [3] |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.  **RECOMMENDATION**

Because state prisoner, Corey Bracey ("Plaintiff") has been transferred out of SCI-Albion, where conditions there were the subject of Plaintiff's motion for injunctive relief, his claims for injunctive relief are now moot and so his motion should be denied.

II.  **REPORT**

   A.  **Relevant Procedural History**

Plaintiff initiated this civil rights suit pursuant to 42 U.S.C. § 1983 on January 4, 2011,

complaining of conditions in the State Correctional Institution at Albion ("SCI-Albion"), where Plaintiff was then housed. Plaintiff also invoked this Court's supplemental jurisdiction over state law claims. ECF No. [8] at 1. In addition, Plaintiff filed a Motion and Declaration for Preliminary Injunction and Temporary Restraining Order ("Motion for Injunctive Relief"), ECF No. [3], and a brief in support. ECF No. [4]. In the Motion for Injunctive Relief, Plaintiff complained that he was not receiving proper psychiatric treatment and sought a court order to "ensure I receive humane housing conditions and immediate mental health treatment." ECF No. [3] at 1, ¶ 1. By way of relief, Plaintiff sought an order from this Court, "requiring prison officials to immediately facilitate petitioner [sic] being transferred to a more therapeutic setting that can appropriately address his serious mental illnesses and needs." Id. at 3, ¶ 12. On April 13, 2011, Plaintiff filed a Motion to Expedite a ruling on his Motion for Injunctive Relief. ECF No. [9]. On May 23, 2011, Plaintiff filed a Notice of Change of Address, ECF No. [14], indicating that Plaintiff was no longer housed at SCI-Albion, but had been transferred to SCI-Smithfield, which is located in Huntingdon, Pennsylvania, which is within the territorial confines of the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. § 118(b). Thereafter, Plaintiff filed an amended complaint which is the operative complaint, which complained of conditions at SCI-Albion. ECF No. [16].

On June 22, 2011, this case was referred to the undersigned Magistrate Judge. ECF No. [20]. On July 8, 2011, the Department of Corrections ("DOC") Defendants filed their response to Plaintiff's Motion for Injunctive Relief. ECF No. [42]. In that response, the DOC Defendants argued that Plaintiff's transfer mooted his request for injunctive relief. They further argue that Plaintiff's uncooperative behavior was responsible for him not receiving his

psychiatric medications and that Plaintiff in fact had received psychiatric treatment.

      **B.   Applicable Legal Standards**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, a court may under certain limited conditions "issue a temporary restraining order without written or oral notice to the adverse party or its attorney." Fed. R.Civ. P. 65(b). A preliminary injunction, on the other hand, "may issue only on notice to the adverse party." Fed. R.Civ. P. 65(b). However, because the standards for the grant of a preliminary injunction and a temporary restraining are the same, the court's analysis will simply apply the standard without distinguishing. Babn Technologies Corp. v. Bruno, No. Civ.A. 98-3409, 1998 WL 720171, at *3 (E.D.Pa. Sept. 2, 1998) ("The standard for a temporary restraining order is the same as that for a preliminary injunction. *Bieros v. Nicola*, 857 F.Supp. 445, 446 (E.D. Pa. 1994)."); Cooper v. City of Philadelphia, 18th District, No. Civ.A. 93-3007, 1993 WL 274192, *1 (E.D. Pa. July 2, 1993)("The standards for a temporary restraining order and a preliminary injunction are the same.").

      **C.   Discussion**

The general rule is that where a plaintiff seeks injunctive relief against prison officials whose control he is no longer subject to or against a prison, he is no longer housed in, there is no longer a live controversy and a court cannot grant that injunctive relief. See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993); Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D.Pa. 1998); Marrie v. Nickels, 70 F.Supp.2d 1252, 1259 (D.Kan. 1999) ("Generally, an inmate's transfer to another prison or release moots his request for declaratory or injunctive relief.") (collecting cases); Chapdelaine v. Keller, No. 95-CV-1126, 1998 WL 357350, at *4 (N.D.N.Y. April 16, 1998) ("plaintiff is no longer incarcerated at Ray Brook and is no longer housed in a

four person cell. He is not subject to any real or imagined 'threats, intimidation, or harassment' by the Ray Brook staff. . . . Consequently, plaintiff's request for an injunction that restrains Ray Brook officials from violating his civil rights is moot and should be dismissed...."). Because Plaintiff has been transferred out of SCI-Albion, his Motion for Injunctive Relief concerning the conditions he allegedly endured at SCI-Albion should be dismissed as moot.

### III. CONCLUSION

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections by August 26, 2011. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011)


      s/Maureen Pl Kelly
      Maureen P. Kelly
      U.S. Magistrate Judge

Dated: August 9, 2011

cc:    COREY BRACEY
       GS4754
       SCI SMITHFIELD
       1120 PIKE STREET
       BOX 999
       HUNTINGDON, PA 16652

       Counsel of Record via CM-ECF