IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>PENNSYLVANIA DEPARTMENT OF )<br>CORRECTIONS; Superintendent )<br>HARLOW; Deputy HALL; Deputy )<br>BRYANT; Major GILLMORE; Major )<br>SUTTER; Captain WHITE; Captain )<br>FRONZ; Captain MORROW; Lieutenant )<br>DEAL; Sergeant WOLFE; Correction )<br>Officer STAFFORD; MAXINE OVERTON; )<br>Dr. ROMAN; MENTAL HEALTH )<br>MANAGEMENT; WILLIAM WOODS; )<br>JOE BROWNLEE; E. BROWNLEE, GR- )<br>9693; Correction Officer HARMON; )<br>Lieutenant IRWIN; and Sergeant RUFF, )<br>)<br>Defendants. ) | Case No. 1:11-cv-4-SJM-MPK |

**MEMORANDUM ORDER**

The above-captioned pro se prisoner civil rights case was received by the Clerk of Court on January 4, 2011, and was referred to Magistrate Judge Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Plaintiff filed a Motion and Declaration for Preliminary Injunction and Temporary Restraining Order ("Motion for Injunctive Relief"), ECF No. [3], and a brief in support. ECF No. [4]. At the time he did so, Plaintiff was housed in SCI-Albion. In the Motion for Injunctive Relief, Plaintiff complained that he was not receiving proper psychiatric treatment and sought a court order to "ensure I receive humane housing conditions and

immediate mental health treatment." ECF No. [3] at 1, ¶1.  By way of relief, Plaintiff sought an order from this Court, "requiring prison officials to immediately facilitate petitioner [sic] being transferred to a more therapeutic setting that can appropriately address his serious mental illnesses and needs." Id. at 3, ¶ 12.  On April 13, 2011, Plaintiff filed a Motion to Expedite a ruling on his Motion for Injunctive Relief.  ECF No. [9]. On May 23, 2011, Plaintiff filed a Notice of Change of Address, ECF No. [14], indicating that Plaintiff was no longer housed at SCI-Albion, but had been transferred to SCI-Smithfield, which is located in Huntingdon, Pennsylvania, which is within the territorial confines of the United States District Court for the Middle District of Pennsylvania.  28 U.S.C. § 118(b).  Thereafter, Plaintiff filed an amended complaint which is the operative complaint, which complained of conditions at SCI-Albion.  ECF No. [16].

On June 22, 2011, this case was referred to Magistrate Judge Maureen Kelly. ECF No. [20].  On July 8, 2011, the Department of Corrections ("DOC") Defendants filed their response to Plaintiff's Motion for Injunctive Relief.  ECF No. [42].  In that response, the DOC Defendants argued that Plaintiff's transfer mooted his request for injunctive relief, in addition to arguing that Plaintiff's uncooperative behavior was responsible for him not receiving his psychiatric medications and that Plaintiff in fact had received psychiatric treatment.

Magistrate Judge Kelly issued a Report and Recommendation ("the Report"), indicating that Plaintiff's Motion for Injunctive Relief was mooted upon his transfer from SCI-Albion to SCI-Smithfield. ECF No. [51].  Plaintiff filed objections arguing that his transfer did not moot his request for injunctive relief.  ECF No. [51].  None of the

objections merits rejection of the Report.  Plaintiff is mistaken as his transfer did in fact moot his claims for injunctive relief against the Defendants.

None of the individual Defendants any longer have any control over Plaintiff, all of them having been located at SCI-Albion and Plaintiff now being at SCI-Smithfield. Hence, an injunction directing the individual Defendants to do or not do anything to Plaintiff is, in fact, moot as they no longer have custody or control over him and so in fact, the transfer mooted any possible relief as to those individual Defendants.

The sole Defendant that may still be said to have custody of and/or control over Plaintiff is the DOC.  However, given that the DOC is an arm of the Commonwealth, it is entitled to Eleventh Amendment immunity from suit, both for damages and injunctive relief and hence, no order can be directed to the DOC to do, or not do anything.  *Walker v. Beard*, 244 Fed. Appx. 439 (3d Cir. 2007) (because the Pennsylvania DOC is a part of the executive department of the Commonwealth of Pennsylvania, it shares in the Commonwealth's Eleventh Amendment Immunity); *Lavia v. Pennsylvania, Dep't of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000) ("the type of relief sought is irrelevant to the question of Eleventh Amendment immunity.").  There are two exceptions to the Eleventh Amendment bar to suit against the states in federal court.  *Lavia*, 224 F.3d at 195.  One exception is for Congress to validly abrogate the immunity and the second exception is for states to waive the immunity.  *Id.*  Congress has not abrogated the States' immunity under 42 U.S.C. § 1983.  *Boykin v. Bloomsburg Univ. of Pa.*, 893 F. Supp. 378, 394 (M.D. Pa.1995) (holding that states' immunity has not been abrogated for actions brought under §§ 1981, 1983, 1985, and 1986), *aff'd*, 91 F.3d 122 (3d Cir. 1996).  *See also Dianese Inc. v. Pennsylvania*, No. Civ. A. 01-488, 2001 WL 876919, at

*1 (E.D. Pa. April 17, 2001), *aff'd*, 48 Fed.Appx. 40 (3d Cir. 2002) (Table).  Nor has Pennsylvania waived its Eleventh Amendment immunity.  42 Pa.C.S.A. § 8521 (b).  *See also ; Harris v. Zappan,* No. Civ. A. 97-4957, 1999 WL 360203, at *2 (E.D. Pa. May 28, 1999).

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 16th day of September, 2011,

IT IS HEREBY ORDERED that Plaintiff's Motion for Injunctive Relief, ECF No. [3], is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. [45], filed on August 9, 2011, by Magistrate Judge Kelly, is adopted as the opinion of the Court.

<u>Sean J. McLaughlin</u>

Sean J. McLaughlin
U.S. District Judge

Dated:  September 16, 2011

cc:    COREY BRACEY
       GS4754
       SCI SMITHFIELD
       1120 PIKE STREET
       BOX 999
       HUNTINGDON, PA 16652

Counsel of Record via CM-ECF

U.S. Magistrate Judge Kelly