# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, )<br>)<br>  Plaintiff, )<br>  v. )<br>)<br>PENNSYLVANIA DEPARTMENT OF )<br>CORRECTIONS; Superintendent )<br>HARLOW; Deputy HALL; Deputy )<br>BRYANT; Major GILLMORE; Major )<br>SUTTER; Captain WHITE; Captain )<br>FRONZ; Captain MORROW; Lieutenant )<br>DEAL; Sergeant WOLFE; Correction )<br>Officer STAFFORD; MAXINE OVERTON; )<br>Dr. ROMAN; MENTAL HEALTH )<br>MANAGEMENT; WILLIAM WOODS; )<br>JOE BROWNLEE; E. BROWNLEE, GR- )<br>9693; Correction Officer HARMON; )<br>Lieutenant IRWIN; and Sergeant RUFF, )<br>)<br>  Defendants. ) | Case No. 1:11-cv-4-SJM-MPK |

## MEMORANDUM ORDER

AND NOW, this 9th day of March, 2012, this Court having previously entered a Memorandum Order [76] on March 8, 2012 in the above-captioned case, IT IS ORDERED that the Court's March 8 Memorandum Order shall be, and hereby is, AMENDED so as to clarify the following:

IT IS ORDERED that the motion to dismiss [40] filed on behalf of the DOC Defendants shall be, and hereby is, GRANTED in part and DENIED in part as follows:

1. The motion shall be GRANTED insofar as it relates to Plaintiff's Eighth Amendment claims premised upon his complaints about medication distribution security procedures and the alleged infrequency of counseling

   visits.  Accordingly, those claims shall be, and hereby are, DISMISSED with prejudice inasmuch as they are incapable of any curative amendment.  There being no other viable claims against Defendant Overton, she is hereby dismissed from this case.

2. The motion shall be GRANTED insofar as it relates to Plaintiff's claims directed against the Pennsylvania Department of Corrections.  Accordingly, those claims shall be, and hereby are, DISMISSED with prejudice inasmuch as they are incapable of any curative amendment.  There being no other viable claims against the Pennsylvania DOC, that Defendant is hereby dismissed from this case.

3. The motion shall be DENIED in all other respects.

IT IS FURTHER ORDERED, pursuant to this Court's authority under the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a), that the Plaintiff's state law claims against Defendants Roman and Mental Health Management for alleged medical malpractice shall be, and hereby are, DISMISSED without prejudice, inasmuch as Plaintiff has failed to comply with the requirements of Pennsylvania Rule of Civil Procedure 1042.3(a) and this Court agrees with Magistrate Judge Kelly's determination that the Plaintiff's medical malpractice claims are not excepted from the requirements of that rule.  Plaintiff shall have twenty-one (21) days from the date of this Order, or until March 30, 2012, within which to comply with Pa. R. Civ. P. 1042.3(a).  Upon doing so, Plaintiff's state law medical malpractice claims shall be deemed reinstated.  Plaintiff's failure to comply with Pa. R. Civ. P. 1042.3(a) on or before March 30, 2012 shall result in those claims being dismissed with prejudice and shall further result in Defendants Roman and Mental Health Management being dismissed from this case.

     IT IS FURTHER ORDERED that the Report and Recommendation [74], filed on February 17, 2012 by Magistrate Judge Kelly, is adopted as the opinion of the Court.

<u>Sean J. McLaughlin</u>

Sean J. McLaughlin
U.S. District Judge

cc:    COREY BRACEY
        GS4754
        SCI SMITHFIELD
        1120 PIKE STREET
        BOX 999
        HUNTINGDON, PA 16652

        Counsel of Record via CM-ECF
        U.S. Magistrate Judge Kelly