IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, <br>     Plaintiff, <br><br> vs. <br><br> PENNSYLVANIA DEPARTMENT OF CORRECTIONS ; Superintendent HARLOW; Deputy HALL; Deputy BRYANT; Major GILLMORE; Major SUTTER; Captain WHITE; Captain FRONZ; Captain MORROW; Lieutenant DEAL; Sergeant WOLFE; Correction Officer STAFFORD; MAXINE OVERTON; Dr. ROMAN; MENTAL HEALTH MANAGEMENT; WILLIAM WOODS; JOE BROWNLEE; E. BROWNLEE, GR-9693; Correction Officer HARMON; Lieutenant IRWIN; and Sergeant RUFF, <br><br>     Defendants. | Civil Action No. 11-4 E <br> District Judge Sean J. McLaughlin <br> Magistrate Judge Maureen P. Kelly |

## **OPINION AND ORDER**

In accordance with this Court's Opinion and Order dated December 21, 2011, and the Order of Court dated January 24, 2012, as to Plaintiff's Motion to Compel at ECF No. 47, Defendants have produced documents to the Court for *in camera* inspection.  First, Defendants have produced DC-121(Part 2) "incident report packages" related to "fights and assaults" in the Restricted Housing Unit ("RHU") exercise yards at the State Corrections Institution at Albion, Pennsylvania ("SCI-Albion") for the two years preceding September 14, 2010, the date Plaintiff was first assaulted in an RHU exercise yard.  Second, Defendants have produced daily records of all staff assigned to work in the RHU Unit for the same two year period.  Plaintiff seeks this information to support his claim that officials at SCI-Albion were deliberately indifferent to a

1

substantial risk of harm presented by the breach of security procedures with regard to exercise yard operation and cell searches.

After reviewing the documents produced for *in camera* inspection, the Court finds that for the two years leading up to Plaintiff's initial assault, there were a total of nine (9) incidents of inmate assaults in the RHU exercise yards. All nine incidents occurred in exercise yards where two inmates had been placed for exercise. Four incidents occurred during the process of removing handcuffs from the two inmates sharing a yard, after one inmate's hands had been freed, and one inmate remained restrained. One incident involved a threat to "cut" another inmate, but no weapon was ever located. The remaining four incidents occurred while two unrestrained inmates shared a yard. With the exception of the single incident where a threat to cut an inmate was made, none of the remaining eight incidents involved a weapon. The inmate identified by Plaintiff as his assailant is not listed as involved in any of the nine incidents. Likewise, with regard to Plaintiff's assault on September 14, 2010, none of the guards identified by him as facilitating his assault are listed as immediately involved in any of the incidents. With regard to Plaintiff's second alleged assault on February 2, 2011, one of the identified guards was previously involved in one of the nine incidents and another guard was identified as a responding officer in three incidents.

The DC-121 (Part 2) reports that Plaintiff seeks to have produced set forth detailed information identifying the inmates involved in each altercation, the crimes for which they are incarcerated, minimum and maximum release dates, injuries and medical treatment resulting from the altercation, a list of involved personnel, resulting disciplinary proceedings, as well as a brief synopsis of the event. Pictures of the inmates, Medical Incident/Injury Reports, their injuries and the written statements of each officer involved in the incident are also attached.

For purposes of this case, it is clear that much of the information contained in the reports and attached thereto is not relevant to Plaintiff's claims. The reports also contain non-discoverable privileged and confidential information regarding the identified inmates. However, the synopsis of the incident, including the date and time of the assault, the nature of the assault, as well as the identities of the responding staff members may provide information relevant to Plaintiff's claims.[1] Accordingly, the Court finds that the nine DC-121 (Part 2) reports, redacted so that all inmate identifying information is removed, and omitting the individual statements, disciplinary proceedings, photos and other attachments, shall be provided to Plaintiff within thirty (30) days of this Order.

Defendants have also produced for *in camera* review the employee staffing records for the RHU for the two year period leading up to the initial assault of Plaintiff. He contends that these records will establish violations of Department of Corrections' policies limiting assignments to an RHU to two years. Plaintiff's theory is that Defendants have been deliberately indifferent to his security because officers assigned to the RHU beyond two years become too at ease or comfortable with certain inmates, and discount the risks presented by the inmates placed in a restricted environment. Plaintiff further contends that because of this false sense of comfort, the unit officers failed to follow procedures regarding cell searches, and weapons were permitted to flow freely within the RHU unit. However, the relevance of the staffing reports is quite attenuated given the fact that only one prior assault in the two years leading up to Plaintiff's incident may have involved a weapon. Further, only two of the officers identified in the nine incident reports have been identified by Plaintiff as operating the exercise yard on February 2, 2011, and none were identified as involved in Plaintiff's September 10, 2010 incident. It is unlikely, therefore, that the production of these materials would lead to relevant information.

---

[1] See, e.g., Robinson v. Johnson, 449 F. App'x 205 (3d Cir. 2011).

The staffing reports also contain privileged information including detailed personnel assignments within the RHU unit at SCI-Albion, listing the number of officers assigned to each post within the facility. Release of this information would clearly impede security operations at SCI-Albion. At this time, given the limited number of prior RHU assaults, coupled with the fact that only one may have involved a weapon, the records shall not be produced as the relevance of the documents is clearly outweighed by the apparent security concerns. Should this case survive a Motion for Summary Judgment, Plaintiff may renew his request for production of the documents. Accordingly,

## **ORDER**

AND NOW, this 14th day of March, 2012, with regard to the outstanding issues related to Plaintiff's Motion to Compel Discovery [ECF No. 47], IT IS HEREBY ORDERED that

1. Plaintiff's Motion to Compel production of "incident report packages" related to "fights and assaults" in the Restricted Housing Unit exercise yards at SCI-Albion for the two years preceding September 14, 2010, is GRANTED IN PART and DENIED IN PART. Defendants are to produce the nine identified DC-121 (Part 2) reports as redacted in accordance with the above Opinion no later than April 4, 2012; and

2. Plaintiff's Motion to Compel production of daily records of staff assignments in the Restricted Housing Unit at SCI-Albion for the two years preceding September 14, 2010, is DENIED without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to

file an appeal to the District Judge which includes the basis for objection to this Order. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY

cc: Corey Bracey
GS-4754
SCI Smithfield
Box 999, 1120 Pike Street
Huntingdon, PA 16652

All counsel of record via CM/ECF