IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, <br>         Plaintiff, <br><br> vs. <br><br> PENNSYLVANIA DEPARTMENT OF CORRECTIONS ; Superintendent HARLOW; Deputy HALL; Deputy BRYANT; Major GILLMORE; Major SUTTER; Captain WHITE; Captain FRONZ; Captain MORROW; Lieutenant DEAL; Sergeant WOLFE; Correction Officer STAFFORD; MAXINE OVERTON; Dr. ROMAN; MENTAL HEALTH MANAGEMENT; WILLIAM WOODS; JOE BROWNLEE; E. BROWNLEE, GR-9693; Correction Officer HARMON; Lieutenant IRWIN; and Sergeant RUFF, <br><br>         Defendants. | Civil Action No. 11-4 E <br><br> District Judge Sean J. McLaughlin <br> Magistrate Judge Maureen P. Kelly <br><br> [ECF No. 83] |

**OPINION AND ORDER**

Plaintiff has filed "Objections to Proposed Order of District Court" [ECF No. 83], which the Court construes as a Motion for Reconsideration of this Court's Order of March 9, 2012, [ECF No. 78]. The March 9, 2012, Order amended a prior Order adopting Magistrate Judge Kelly's Report and Recommendation with regard to Defendants' Motion to Dismiss [ECF No. 40], and clarified which of Plaintiff's many claims had been dismissed including Plaintiff's Eighth Amendment claims against Defendants Roman and Mental Health Management. Plaintiff contends that Magistrate Judge Kelly's Report and Recommendation [ECF No. 74] did not recommend the dismissal of these claims or these Defendants and, accordingly, this Court erred as a matter of law in dismissing Defendants Roman and Mental Health Management.

1

On the contrary, review of the report indicates clearly that Magistrate Kelly recommended dismissal of Plaintiff's Eighth Amendment claims of deliberate indifference arising out of allegedly inadequate mental health treatment. This recommendation was based in part upon the record previously filed with the Court on Plaintiff's Motion for Injunctive Relief, of which the Court properly took notice. [1] In the absence of viable claims against them, Defendants Roman and Mental Health Management were properly dismissed from the action.

The Court's obligation to dismiss a complaint under the PLRA screening provisions is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). As clearly provided by the PLRA, the Court is obligated to dismiss claims unsupported in law or fact at *any time*:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that—
>
>   (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
>   (i) is frivolous or malicious;
>   (ii) **fails to state a claim on which relief may be granted**; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(emphasis added). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, or, if one of the defendants in a multi-defendant suit did not even file such a motion to dismiss, the court may nonetheless *sua sponte*

---

[1] As noted in the Report and Recommendation: "In opposition to Plaintiff's Motion for Preliminary Injunction previously ruled upon by this Court, Defendants appended certain of Plaintiff's medical records, which establish no fewer than 31 psychological or psychiatric professional visits in the eleven months prior to his transfer from SCI-Albion to SCI-Smithfield. [ECF No. 42, p. 5]. Plaintiff has not disputed the authenticity of these documents and, as part of the record of this matter, the records may be relied upon in deciding Plaintiff's Motion to Dismiss. See, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir .1994)(a court may, however, "also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case")." [ECF No. 74, p. 14. n.3].

rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., CIV.A.06-115E, 2007 WL 1811198, at *4 (W.D.Pa. June 21, 2007), *aff'd*, 264 F. App'x. 183 (3d Cir. 2008).

Plaintiff again argues that his Complaint sufficiently states claims against Defendants Mental Health Management and Roman for failing to give him a proper diagnosis; failing to treat his mental illness by reducing his Disciplinary Custody "time;" failing to procure his removal from the Restricted Housing Unit at SCI-Albion; failing to provide a "proper diagnosis and treatment recommendation;" and for "upholding the objectives of the DOC even when detrimental to the stability and well being of the mentally ill." [ECF No. 16, ¶¶ 85-90, 126-127]. Plaintiff thus asserts a disagreement over the proper diagnosis and treatment for his alleged mental health infirmity. Such claims, rooted in the propriety or adequacy of a particular course of treatment, do not support a Section 1983 Eighth Amendment claim and are more appropriately addressed through a properly supported state tort malpractice claim. "[M]ere disagreement as to the proper medical treatment" does not support an Eighth Amendment claim. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir.1987) (citations omitted); see also White v. Napoleon, 897 F.2d 103, 109 (3d Cir.1990) (recognizing the "well-established rule" that mere disagreements over "medical judgment" do not state an Eighth Amendment claim).

For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate that the defendants were deliberately indifferent to his medical needs and that those needs were serious. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999). Assuming Plaintiff's mental health needs were serious, the evidence of record unequivocally establishes Plaintiff's inability to sustain a

3

claim for deliberate indifference. Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir.1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." White v. Napoleon, 897 F.2d 103, 109 (3d Cir.1990). Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted).

Here, it is evident from Plaintiff's Amended Complaint and the documents supplied to the Court in support and in opposition to Plaintiff's Motion for Preliminary Injunction, that Plaintiff's mental health needs were evaluated several times while at SCI-Albion, and that he received ongoing treatment. [ECF No. 42]. Plaintiff was treated by psychology staff no fewer than thirty-one times during the period August 4, 2010 through May 13, 2011, including several individual sessions with Defendant Roman, and had "access to a Psychologist who makes daily rounds in the RHU." [ECF No. 42, p. 5; 42-1, pp. 43, 44-45, 49]. Nevertheless, Plaintiff claims that Defendant Roman was deliberately indifferent to Plaintiff's mental health needs because he did not perform psychotherapy on a regular basis. The record belies Plaintiff's claim and demonstrates that neither Defendant Roman nor Mental Health Management acted with deliberate indifference, given the level of medical care offered to Plaintiff. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct.13, 2000) ("courts have consistently rejected Eighth

Amendment claims where an inmate has received some level of medical care"). Because Plaintiff has received continuous mental health care, and because Defendants have used their professional judgment in determining the quality and quantity of his treatment, their conduct does not rise to the level of an Eighth Amendment violation. <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir.1979), quoting <u>Bowring v. Goodwin</u>, 551 F.2d 44, 48 (4th Cir.1977) (any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment).

Because the record evidence in this case makes clear that Plaintiff cannot sustain an Eighth Amendment deliberate indifference claim against Defendants Roman and Mental Health Management, Defendants were properly dismissed. Accordingly, Plaintiff's Objections to Proposed Order of District Court, construed as a Motion for Reconsideration, are denied. An appropriate Order follows.

**ORDER**

AND NOW, this 18th day of May, 2012, upon consideration of Plaintiff's Objections to Proposed Order of District Court [ECF No. 83], which this Court construes as a Motion for

Reconsideration, and for the reasons set forth in the accompanying Opinion, it is ORDERED that Plaintiff's Motion for Reconsideration is denied. Defendants Roman and Mental Health Management are hereby dismissed from this case.

BY THE COURT,

/s/ Sean J. McLaughlin
Sean J. McLaughlin
U.S. District Judge

cc: Corey Bracey
GS-4754
SCI Smithfield
Box 999, 1120 Pike Street
Huntingdon, PA 16652

All counsel of record via CM/ECF
U.S. Magistrate Judge Kelly