IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 11-04 E |
| vs. ) | District Judge Sean J. McLaughlin |
| ) | Magistrate Judge Maureen P. Kelly |
| Superintendent HARLOW; Deputy HALL; ) | |
| Deputy BRYANT; Major GILLMORE; ) | |
| Major SUTTER; Captain WHITE; Captain ) | |
| FRONZ; Captain MORROW; Lieutenant ) | [ECF No. 106, 110] |
| DEAL; Sergeant WOLFE; Correction ) | |
| Officer STAFFORD; Dr. ROMAN; ) | |
| WILLIAM WOODS; E. BROWNLEE, ) | |
| GR-9693; Correction Officer HARMON; ) | |
| Lieutenant IRWIN; and ) | |
| Sergeant RUFF, ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

Plaintiff Corey Bracey ("Plaintiff" or "Bracey") has filed a comprehensive Motion to Compel Discovery Pursuant [to] Fed. R. Civ. P. 37 [ECF No. 106], seeking the production of *inter alia*, his medical records, his inmate disciplinary files, and evidence concerning staffing in his Restricted Housing Unit ("RHU") at the State Correctional Institution at Albion ("SCI-Albion"). In addition, Plaintiff has filed a Motion for Extended Discovery Schedule [ECF No. 110] seeking to extend discovery through December 31, 2012. Defendants have filed a response to Plaintiff's Motion to Compel, arguing that Plaintiff's request is in part premature, that certain of the documents are privileged for valid security reasons and that certain other documents have been produced in other litigation filed against the Pennsylvania Department of Corrections ("DOC") and Defendants should not be compelled to produce the requested documents a second time. For the reasons set forth below, Plaintiff's Motion to Extend

1

Discovery is denied without prejudice and the Motion to Compel is granted in part and denied in part.

## I. DISCUSSION

The scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed.R.Civ.P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. It has long been held that decisions relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege restrict the Court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information," a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b) (1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

  A. **Plaintiff's Medical Records**.

Plaintiff seeks the production of his medical records to support his claim for damages for injuries sustained as a result of the underlying attacks suffered as a result of Defendants' alleged deliberate indifference. Plaintiff concedes that his request may be deemed premature inasmuch as Defendants' Motion for Summary Judgment challenging liability is due by November 1, 2012. Accordingly, Plaintiff's Motion to Compel Medical Records is denied without prejudice to being filed anew should Defendants' Motion for Summary Judgment prove unsuccessful.

The Court also notes that a request for an inmate's medical records may be accomplished in accordance with DC-ADM 003, "Release of Information," which must be initiated by submitting Department Form DC-135A, "Inmate Request to Staff" to the Superintendent. The inmate may then review the documents and obtain copies of any documents at his expense; however, charges for the photocopies are made in accordance with the DOC's policies and procedures. Accordingly, should Plaintiff renew his motion to compel with regard to his own medical records, in the absence of allegations that he has complied with DOC procedures to review and obtain the records at his own expense, Plaintiff's motion to compel production of his

own medical records will be denied.  See, Whetstone v. Bohinski, No. 08-cv-2306, 2010 WL 785246 *2 (M.D. Pa. 2010), Bull v. U.S., 143 F. App'x 468, 469 (3d Cir. 2005).

  **B.**  **Plaintiff's Inmate File**.

  Plaintiff seeks the production of his inmate institutional file from the date of his transfer to SCI-Albion on June 29, 2010, through his departure on May 17, 2011, to include Plaintiff's "DC 14, 15, 16 and 17 forms."  Plaintiff contends that "these files will show Plaintiff was non-problematic, but after the incident he received an onslaught of falsified misconducts by Harmon and other adverse action."  [ECF No. 106, p.4].  Plaintiff alleges that all disciplinary infractions after his complaints were retaliatory and his institutional file will establish the temporal connection between his complaints and subsequent retaliatory discipline.

  In balancing Plaintiff's need for the records, there are specific security concerns that militate against full production.  The records Plaintiff seeks comprise an inmate's "Cumulative Adjustment Record" and contain personal observations and interactions by unit managers, counselors, mental health professionals, and other DOC staff, including treatment or incarceration plans regarding the inmate.  Plaintiff acknowledges that similar requested information from an earlier time period has been provided in Bracey v. Price, C.A. No. 09-1662, one of three cases filed by Plaintiff currently pending against DOC defendants in this Court.  However, production of the requested documents in C.A. 09-1662 action was limited in time, and subject to substantial redaction of confidential information to eliminate well-founded security concerns regarding the potential for retaliation against specific staff members and possible manipulation of the conditions of Plaintiff's confinement.  See, Bracey v. Price, C.A. No. 09-1662 at ECF No. 75; Bailey v. McMahon, No. 07-2238, 2012 WL 1246147 *9 (M.D. Pa. April 12, 2012)(information in DC-14, DC-15 and similar reports typically contain information

that, if divulged to inmates, would threaten the orderly operation of the prison as well as the security of the inmates, staff members and the public, accordingly, DOC defendants directed to produce only the portions of the files that are relevant to his claims and not confidential). .

With regard to the instant action, Plaintiff suggests that production could be subject to an in camera review to determine the relevancy of the requested files. The Court will grant this request as an additional measure to insure that the parties' interests are balanced in the prison setting. However, Defendants are also directed to make available for Plaintiff's review those requested portions of Plaintiff's Cumulative Adjustment Records that are relevant to his claims, limited in time to his stay at SCI-Albion from June 29, 2010, through his departure on May 17, 2011, and redacted to eliminate all confidential information. Defendants are further directed to create and provide Plaintiff with a discovery log listing all requested documents in the relevant time frame, indicating which reports have been produced, which have been redacted, which have not been produced and the reason(s) for withholding production. Finally, Defendants are directed to provide the Court with the discovery log, as well as complete unredacted and redacted sets of all documents for *in camera* review. Plaintiff's Motion to Compel with regard to the referenced documents contained in his inmate file is granted in part, as limited above.

**C. Video Evidence of Assaults**

Plaintiff seeks the production of two videos; the first, a video of his assault on September 14, 2010, and the second, a video of his assault of February 4, 2011. [ECF No. 106, pp. 6, 8]. Plaintiff asserts that certain Defendants have intentionally destroyed video evidence and he seeks a spoliation hearing to determine appropriate sanctions. Defendants represent that the video evidence Plaintiff seeks does not exist. Defendants have previously informed Plaintiff that a video was not attached to the September 14, 2010, incident report, and that video evidence of the

5

assault has not been located. [ECF No. 106-1, p. 11]. At this point, Defendants are confident that video evidence simply does not exist. [ECF No. 113, pp. 3-4]. The Court is not inclined to order a spoliation hearing and cannot order the production of evidence that does not exist. Accordingly, Plaintiff's Motion to Compel production of video evidence is denied.

### D. Evidence of Assaults in the RHU Exercise Yards

Plaintiff seeks production of DC-121 incident reports of all fights and assaults in the RHU Exercise Yards for the period September 14, 2010, through February 4, 2011. Defendants have previously produced similar incident reports for the two year period leading up to September 14, 2010, substantially redacted in accordance with this Court's Order of March 14, 2012. [ECF No. 79]. The Order, entered in response to Defendants' prior objections, directed production of certain redacted reports after an *in camera* review to determine the relevance as well as security and privacy related issues. [ECF No. 79]. Defendants object to Plaintiff's pending request, because it comes after the close of discovery; however, the Court is inclined to grant Plaintiff's request of this potentially relevant material, limited as indicated herein.

Accordingly, Defendants are directed to produce to the Court all incident reports of fights and/or assaults in the RHU Exercise Yards for the period September 14, 2010, through February 4, 2011, to determine the relevance and the extent of redaction necessary to protect the security and privacy of involved inmates. After review of the relevant documents, the Court will determine which reports are to be produced in accordance with the guidelines set forth in the Order dated March 14, 2012. Defendants are also to provide Plaintiff with a discovery log listing each of the DC-121 incident reports provided to the Court.

**E. Brownlee Cell Search Log**

Plaintiff seeks to compel the production of a DC-704 Cell Search Log for Defendant Brownlee's cell for the four months preceding the September 2010 assault to establish that the cell was inadequately searched so as to permit Brownlee to retain possession of the weapon which caused Plaintiff's injuries. [ECF No. 106, pp. 8-9]. Defendants have responded that while cell searches are documented in a Cell Search Log, no such log exists for Brownlee's cell for the requested time period. [ECF No. 106-1, pp. 20-24]. The Court cannot compel the production of things that do not exist; nor can the Court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., Smith v. Donate, 4:10-CV-2133, 2011 WL 5593160 (M.D. Pa. Nov. 17, 2011) *reconsideration denied*, 4:10-CV-2133, 2011 WL 6003610 (M.D. Pa. Nov. 30, 2011). Accordingly, Plaintiff's Motion to Compel the production of the Brownlee Cell Search Log is denied.

**F. Transcript of Hall Pre-Disciplinary Hearing Conference**

Plaintiff seeks to compel the production of the transcript of a pre-disciplinary hearing conference between DOC officials and Defendant Stafford. The conference occurred as a result of Plaintiff's assault and resulted in a letter of reprimand issued to Defendant Stafford. Plaintiff seeks the transcript because of the potential for inconsistent or contradictory statements regarding the incident at issue. [ECF No. 106, p. 9]. Defendants have objected, alleging broadly that the requested information is duplicative and raises confidentiality and security concerns. [ECF No. 113, p. 4]. Plaintiff cites Victor v. Lawler, CIV.3:08-CV-1374, 2010 WL 521118 (M.D. Pa. Feb. 9, 2010), where similar reports were requested:

> In response to this particular request the defendants have offered to provide Victor an opportunity to review redacted copies of these employee pre-disciplinary conference records. (Doc. 177), but have asserted that "personal information" and agency conclusions and recommendations should be redacted from these

> documents. (Id.) According to the defendants, the approach which the defendants is proposing the Court take with respect to pre-disciplinary records mirrors the approach previously taken by the Court in this litigation with respect to an OPR investigative report relating to this alleged assault. (Docs.92, 119.)
>
> We agree that the release of redacted materials, which delete personal information, such as social security numbers, as well as agency conclusions and recommendations is the appropriate course to take in this matter. In this regard we note that this was the course followed previously in this litigation. (Docs. 92, 119.) Moreover, we find that the deletion of personal information from these records is necessary, appropriate and consistent with prior case law. See Paluch v. Dawson, No. 06-1751, 2007 WL 4375937 (M.D. Pa. Dec. 12, 2007).
>
> We also conclude that adopting this course is consistent with settled case law addressing claims of governmental privilege relating to investigative records which acknowledges a governmental privilege but recognizes that courts must balance the confidentiality of governmental files against the rights of a civil rights litigant….
>
> We will follow the same course here but will add one further measure out of an abundance of caution. While we recognize that in camera inspection of these materials is not legally required, see Barris v. City of Philadelphia, 1995 U.S. Dist. LEXIS 7908, *23-24 (E.D. Pa.1995); Fed.R.Civ.P. 26(b)(5)(A), in the exercise of our discretion we will direct: (1) that the defendants provide the plaintiff with an opportunity to review redacted reports relating to the pre-disciplinary records of the defendants, which have redacted personal information along with agency recommendations and conclusions; and, (2) will also instruct the defendants to provide the court with complete sets of the redacted, and unredacted reports, for our in camera review. …. By adopting this approach, we can ensure a limited, and appropriate release of information to the plaintiff, while protecting important interests in personal privacy and confirming the proper scope of any government privilege claims and reserving the right to direct the further release of information once we have compared the redacted and unredacted texts.

Victor v. Lawler, CIV.3:08-CV-1374, 2010 WL 521118 (M.D. Pa. Feb. 9, 2010).  For each of the reasons set forth by the Court in Victor, the Court grants Plaintiff's Motion to Compel transcripts of Defendant Stafford's pre-disciplinary hearing, as redacted to remove personal information, along with agency recommendations and conclusions.  In addition, Defendants are directed to provide the Court with both an unredacted version of the transcript, and a copy of the redacted transcript for *in camera* review.

### G. Post-Orders

Plaintiff seeks to compel the production of the "signed post orders" for all RHU staff on duty on September 14, 2010, which presumably would reflect whether each person on duty had read the applicable DOC instructions for his assigned post, including the necessity to strip search all inmates leaving a cell for the RHU Exercise Yard. Defendants object generally that Plaintiff has been provided information indicating that the post orders are not signed on a daily basis and that two officers who worked that day admitted they did not sign the orders on September 14, 2010. [ECF No. 113, p. 4]. Plaintiff concedes that post-orders are not required to be signed on a daily basis but contends that his request encompasses production of the most recent copy of post orders signed by each of the corrections officers on duty during the 6:00 a.m. to 2:00 p.m. shift on September 14, 2010. Given the relevance of this documentation, Defendants' broad objection is not sufficiently supported. Defendants are directed to produce the most recent periodic post orders signed by each individual on duty at the time of Plaintiff's assault, for the post he or she was assigned on the day of Plaintiff's assault. Alternatively, Defendants are to state whether none exist or if the orders cannot be located and, if not located, the efforts undertaken to locate the signed post orders.

### H. Defendant Sutter's Knowledge of Duty Assignment Length

Plaintiff served Defendant Sutter Requests for Admissions, seeking *inter alia*, that Defendant Sutter:

> Admit that around the time of September 14, 2010, according to the staff scheduling roster COIs C. Williams, COI Mulligan, Korb, and Gibbs were all regular assigned to the RHU as security staff for over a consecutive two (2) year period preceding September 14, 2010.

Defendant Sutter has responded that, "This defendant cannot Admit or Deny this statement as he does not know. Commissioned Officers are responsible for maintaining this information and the

9

Facility Manager does not know how long these officers were assigned." Plaintiff correctly cites to Rule 36(a)(4), which requires a party who asserts a lack of knowledge to state that he "has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable it to admit or deny." The question has been asked and answered. Defendant Sutter's response indicates that the records are maintained by "commissioned officers," and "the Facility Manager does not know how long these officers were assigned." Plaintiff's Motion to Compel a different answer is denied. In addition, Plaintiff's request that his statement be deemed admitted is denied.

### I. Defendant Woods

Plaintiff seeks an admission from Defendant Woods that certain disciplinary custody workers were not permitted to be employed as janitors in the RHU. Defendant Woods has responded, directing Plaintiff to the Department of Corrections' prior response to Plaintiff's Request for Production of Documents, Number 5. Defendants also direct the Court's attention to ECF No. 89, Exhibits 1 & 2, "wherein the Defendants admitted that DC inmates were not allowed to be workers in the RHU." [ECF No. 1143, p. 5]. Plaintiff is not satisfied with this response, which he feels is not complete. However, it is clear that the question has been answered and Plaintiff has the information he has requested. Plaintiff's Motion to Compel is denied. In addition, Plaintiff's apparent motion that his Request for Admission be deemed admitted is denied.

### J.     Plaintiff's Motion to Extend Discovery Schedule

Plaintiff has filed a Motion to Extend Discovery Schedule [ECF No. 110], asserting that his Motion to Compel remains outstanding, as is a motion to correspond with inmate witnesses. Plaintiff also accuses DOC officials of mail tampering, which he asserts resulted in filings not

reaching the Court, and that this requires additional time for discovery.

With regard to his assertion of mail tampering, this Court has confirmed with Plaintiff that it has investigated the alleged irregularities in the filing of certain motions submitted by the Plaintiff. [ECF No. 112, 118]. The Court was able to determine that all documents submitted by Plaintiff were filed with the Court in a timely manner as mailed by him. However, because Plaintiff has repeatedly submitted numerous handwritten documents, exhibits and separate motions in a single envelope without a letter informing the Clerk's Office of the contents or, indeed, that certain enclosures were related to filings in separate pending cases, some documents have been erroneously docketed. The Court has reviewed the pending dockets and all filings have been accounted for and docketed. Plaintiff has been instructed that in the future, he is to submit a list of all documents mailed together, with instructions as to which case a particular document is to be docketed. Given the absence of "mail tampering," no additional discovery is necessary on this basis.

Plaintiff also seeks additional time to conduct discovery as a result of future correspondence he intends to engage in with certain approved inmate witnesses. Should additional discovery prove necessary after receipt of correspondence with the approved inmate witnesses, Plaintiff may file an appropriate motion, with proposed additional discovery attached as exhibits thereto.

With regard to Plaintiff's assertion that additional time is necessary to conduct discovery because of the instant Motion to Compel, Defendants have been directed to produce certain documents and/or responses and shall do so within thirty (30) days. Plaintiff has not submitted a copy of any additional proposed discovery for the Court to determine necessity or potential abuse of the discovery process. Inasmuch as this Court has documented Plaintiff's past practices of

seeking discovery in one case which pertains to another case, as well as inordinate and abusive requests for production of documents, interrogatories, and requests for admissions, the Court is not inclined to extend discovery without demonstrable need and a copy of the proposed discovery for review.  <u>See</u>, ECF No. 95.  An appropriate Order follows.

## ORDER

AND NOW, this 12th day of October, 2012, upon consideration of Plaintiff's Motion to Extend Discovery Schedule [ECF No. 110] and Plaintiff's Motion to Compel Discovery Pursuant [to] Fed.R.Civ.P 37, for the reasons set forth above, IT IS HEREBY ORDERED that

1. Plaintiff's Motion to Compel Discovery is granted in part and denied in part. Defendants are to produce required discovery within thirty (30) days;

2. Plaintiff's Motion to Extend Discovery Schedule is denied without prejudice to be filed with supporting documentation of necessity and a copy of proposed additional discovery.

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1) and Rules 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Failure to file a timely appeal will constitute a waiver of any appellate rights.

/s/  Maureen P. Kelly  
MAUREEN P. KELLY  
United States Magistrate Judge

cc:   Corey Bracey  
      GS4754  
      SCI Smithfield  
      1120 Pike Street  
      Box 999  
      Huntingdon, PA 16652

      All counsel of record via CM/ECF