IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, | ) |
|     Plaintiff, | ) |
| | )   Civil Action No. 11-04 E |
| | ) |
| vs. | )   District Judge Sean J. McLaughlin |
| | )   Magistrate Judge Maureen P. Kelly |
| Superintendent HARLOW; Deputy HALL; | ) |
| Deputy BRYANT; Major GILLMORE; | ) |
| Major SUTTER; Captain WHITE; Captain | ) |
| FRONZ; Captain MORROW; Lieutenant | )   ECF No. 127 |
| DEAL; Sergeant WOLFE; Correction | ) |
| Officer STAFFORD; Dr. ROMAN; | ) |
| WILLIAM WOODS; E. BROWNLEE, | ) |
| GR-9693; Correction Officer HARMON; | ) |
| Lieutenant IRWIN; and | ) |
| Sergeant RUFF, | ) |
|     Defendants. | ) |

## **MEMORANDUM ORDER**

Plaintiff Corey Bracey has filed a Motion for Spoliation Hearing and/or Sanctions ("Motion for Sanction") [ECF No. 127] with regard to missing video surveillance relevant to an inmate assault on September 14, 2009, and a missing cell search log of his assailant's cell for the four months preceding the assault. Plaintiff alleges the video surveillance will depict both an assault on Plaintiff by another inmate as well as an inadequate strip search of his assailant, which left his assailant in possession of a "shank" used in the assault. Plaintiff also seeks spoliation sanctions for the alleged destruction of a cell search log of his assailant's cell. [ECF No. 127, p. 3]. Plaintiff seeks the imposition of sanctions, including the assessment of monetary sanctions of $5,000 "for his costs, time, etc. for [D]efendants' intentional destruction of evidence, and to serve as a deterrence (sic) for Defendants' egregious behavior." Plaintiff further requests an

1

Order granting an adverse inference instruction at trial that the video evidence, if produced, would be unfavorable to Defendants' position.

Defendants oppose the Motion for Sanctions.  First, Defendants assert that video evidence of the assault and the cell search log does not exist.  Second, Defendants contend with regard to missing video surveillance of the strip search at issue, that no adverse inference concerning the inadequacy of the strip search of Plaintiff's assailant is necessary because Defendants have already admitted that post orders regarding strip searches were not followed, and that the individual responsible for the inadequate search has been disciplined. [ECF No. 128].   Defendants also argue that it is premature to consider spoliation, inasmuch as evidentiary inferences are an issue for trial and Plaintiff's action has not yet survived an anticipated Motion for Summary Judgment.  Id.

**A.  Legal Standard**

Before determining whether sanctions are appropriate for spoliation of evidence, it is first necessary to determine whether spoliation has occurred.  Broadly, spoliation is usually referenced in instances where evidence, containing information that would likely harm a party, has been altered or destroyed or where a party's failure to produce evidence has "the same practical effect as destroying it."  Bull v. United Parcel Serv., Inc., 665 F.3d 68, 73 (3d Cir. 2012) (citing Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 334 (3d Cir.1995)). "Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." Id.  The United States Court of Appeals for the Third Circuit has held that before a finding of spoliation can be made,

there must be evidence that a party has acted in bad faith to intentionally destroy or suppress relevant evidence:

> In <u>Brewer</u> we discussed the connection between a finding of sanctionable spoliation and a ruling on bad faith, stating the following:
>
>> For the [spoliation] rule to apply ... it must appear that there has been an actual suppression or withholding of the evidence. *No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for. See generally* 31A C.J.S. Evidence § 156(2); 29 Am.Jur.2d Evidence § 177 ("Such a presumption or inference arises, however, only when the spoliation or destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent.").
>
> <u>Brewer</u>, 72 F.3d at 334 (emphasis added). Therefore, a finding of bad faith is pivotal to a spoliation determination. This only makes sense, since spoliation of documents that are merely withheld, but not destroyed, requires evidence that the documents are actually withheld, rather than—for instance—misplaced. Withholding requires intent.

<u>Bull v. United Parcel Serv., Inc.</u>, 665 F.3d 68, 79 (3d Cir. 2012).

    B.   Discussion

At this stage of the proceeding, it is clear that there is no video surveillance of the assault itself. Defendants have responded to Plaintiff's Request for the Production of Tangible Things, as well as his Motion to Compel and his current Motion for Sanctions by repeatedly confirming that no such video exists. [ECF No. 128, p.2]. Defendants have also responded to Plaintiff's request for a cell search log for his assailant's cell with information revealing that no such log exists. <u>Id.</u> The issue of spoliation need not be addressed with regard to either of these requests, as the Court cannot compel or punish the failure to produce things that do not exist; nor can the Court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. <u>See</u>, <u>e.g.</u>, <u>Smith v. Donate</u>, 4:10-CV-2133, 2011 WL

3

5593160 (M.D. Pa. Nov. 17, 2011), *reconsideration denied,* 4:10-CV-2133, 2011 WL 6003610 (M.D. Pa. Nov. 30, 2011).

However, with regard to video surveillance of his assailant's strip search, it appears that a video did exist at one time, and was reviewed by Defendant Deal but, after an extensive search, cannot now be located. [ECF No. 128]. It also appears, giving Plaintiff the benefit of any inference that can be drawn, that this evidence may have limited relevance to the central issue in this case; i.e., whether Defendant Stafford acted with deliberate indifference to a substantial risk to Plaintiff's safety. The first two factors in a spoliation determination as identified in Bull, whether the evidence was in the party's control and whether the evidence is relevant to the claims or defenses in the case, therefore weigh in favor of the Plaintiff. The remaining factors, however, cannot be determined on the record presented. There is no evidence that Defendants intentionally withheld or destroyed the video viewed by Defendant Deal. Even if it is assumed that Defendants had a reasonably foreseeable duty to preserve the video evidence of the assailant's strip search, the spoliation rule will not apply if the circumstances indicate that the video has been lost, accidentally destroyed, or the failure to produce it is otherwise accounted for. Bull v. United Parcel Service, Inc., 665 F.3d at 79. In the absence of sufficient evidence of bad faith, it would be an abuse of discretion to find sanctionable spoliation. Id.

Given this Court's discretion, it is proper to defer this issue to a time after the resolution of anticipated Motions for Summary Judgment, and after the development of the factual record Plaintiff's current motion requires. Swindell Dressler Intern. Co. v. Traverlers Cas. and Sur. Co., 827 F. Supp.2d 498, 508 (W.D. Pa. 2011). Defendants' invitation to avoid a spoliation analysis because of the admission of error in conducting the strip search at issue is also deferred. If bad

faith is found with regard to the destruction or loss of evidence, Defendants' characterization of the search may be inapt.

Accordingly, Plaintiff's Motion for Spoliation Hearing and/or Sanctions [ECF No. 127] is denied, without prejudice to Plaintiff renewing the motion at the pre-trial stage of the proceedings. The Court finds that it is appropriate to order Defendants to compile and file appropriate affidavits concerning the custody and control of the video surveillance at issue in an effort to begin to develop the facts which may support Plaintiff's motion. Id. An appropriate Order follows.

**ORDER**

AND NOW, this 19th day of December, 2012, IT IS HEREBY ORDERED that Plaintiff's Motion for Spoliation Hearing and/or Sanctions [ECF No. 127] is DENIED without prejudice. IT IS HEREBY FURTHER ORDERED that no later than February 1, 2013, Defendants shall file affidavits of appropriate individuals establishing the custody and control of all video surveillance reviewed by Defendant Deal following the assault at issue in Plaintiff's action and provide documentation of any retention program and policies in effect during the relevant time period.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                   BY THE COURT,

                                                   /s/ Maureen P. Kelly
                                                 MAUREEN P. KELLY
                                                 UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Sean J. McLaughlin
        United States District Judge

        All counsel of record by Notice of Electronic Filing

        Corey Bracey
        GS-4754
        SCI Smithfield
        Box 999, 1120 Pike Street
        Huntingdon, PA 16652