IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| COREY BRACEY, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | Civil Action No. 11-04 E |
| | ) | |
| vs. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Maureen P. Kelly |
| Superintendent HARLOW; Deputy HALL; | ) | |
| Deputy BRYANT; Major GILLMORE; | ) | |
| Major SUTTER; Captain WHITE; Captain | ) | |
| FRONZ; Captain MORROW; Lieutenant | ) | ECF Nos. 131, 133 |
| DEAL; Sergeant WOLFE; Correction | ) | |
| Officer STAFFORD; Dr. ROMAN; | ) | |
| WILLIAM WOODS; E. BROWNLEE, | ) | |
| GR-9693; Correction Officer HARMON; | ) | |
| Lieutenant IRWIN; and | ) | |
| Sergeant RUFF, | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Plaintiff Corey Bracey has filed a "Motion for Sanctions/Extension of Time/and Motion to Compel" [ECF No. 131], arising out of Defendants' alleged failure to produce documents requested by Plaintiff in discovery conducted in this matter. Plaintiff has also filed a "Motion for Discovery and/or Spoliation Sanctions" [ECF No. 133] contending that Defendants and their counsel have intentionally withheld or destroyed documents. As more fully set forth below, Plaintiff's Motion at No. 131, signed on December 4, 2012, is denied as moot, given Defendants' December 5, 2012, production of the requested discovery in compliance with this Court's Order dated December 3, 2012. In addition, Plaintiff's Motion for Discovery and/or Spoliation Sanctions, apparently based upon Plaintiff's obvious dissatisfaction with the existence of evidence to support his underlying claims, is denied as both frivolous and spurious.

1

This Court notes that while Plaintiff is a pro se litigant, he is not unfamiliar with the Federal Rules of Civil Procedure, or the legal process. He currently has three cases pending in this Court and has filed and actively litigated numerous federal and state court actions. Accordingly, the Court admonishes Plaintiff of its dissatisfaction with Plaintiff's repeated filing of motions containing allegations intended to mislead this Court and malicious ad hominem attacks on the integrity of Defendants and their counsel. Plaintiff is advised that any such subsequent filings in this Court, with regard to any case pending before it, containing such improper attacks and misleading allegations will be subject to the harshest of sanctions, including possible dismissal of his action. <u>In re: Prudential Ins. Co. America Sales Practice Litig. Agent Actions</u>, 278 F.3d 175, 189 (3d Cir.2002) (quoting <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 45-46 (1991))(Rule 11 of the Federal Rules of Civil Procedure allows sanctions to be imposed against a party through the Court's inherent power and its own initiative. Circumstances that may justify sanctions pursuant to a court's inherent power include "cases where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons...."); <u>and</u> <u>see</u>, <u>Rivera v. Pennsylvania Dept. of Corr.</u>, C.A. No. 09-1604, 2010 WL 4318584 (W.D. Pa. Oct. 26, 2010) (deliberate attempts to mislead this Court exposes prisoner plaintiff to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, which apply to pro se litigants as well as to attorneys).

## I. PROCEDURAL HISTORY

As this Court has previously noted, as of May 5, 2012,

> [i]n the course of litigating this action, Plaintiff has served 18 sets of interrogatories and has sought the production of 29 sets of documents from the DOC Defendants, leading to the resolution of Motions to Compel based upon objections asserted on behalf of Defendants. [ECF Nos. 67, 79]. In addition, Plaintiff is currently pursuing two additional civil rights actions in this Court at No. 09-1662 (W.D. Pa) and at No. 11-217 (W.D. Pa) arising out of alleged

> violations of his civil rights at SCI-Fayette and SCI-Smithfield. It is clear that Plaintiff has purposefully used discovery in the other cases to pursue additional discovery related solely to this case. See, e.g., ECF No. 89-1, pp. 4-5, 7- 15 (discovery related to claims at No. 11-4 but served in conjunction with interrogatories in No. 09-1662). [ECF No. 95].

This Court ruled that Plaintiff's then pending and untimely request for additional discovery, including well over 150 additional interrogatories and dozens of requests for the production of documents, was predicated upon Plaintiff's own failure to read the discovery responses provided to him in a timely manner, was submitted in bad faith, and was unduly burdensome and overbroad. The Court therefore denied the Motion to Compel. [ECF No. 95].

Thereafter, Plaintiff filed a Motion to Correspond with Prisoner Witnesses, [ECF No. 100]. This motion requested the Court's intervention to permit him access to other "inmate witnesses," but omitted the fact that he had failed to comply with Department of Corrections' policy and procedures in place to permit such correspondence. These procedures permit appropriate investigation into potential security and privacy concerns that may be presented by the request, and ensure that the target inmate does, in fact, desire to informally correspond with the Plaintiff. [ECF No. 102]. Accordingly, this Court denied Plaintiff's Motion without prejudice, requiring him to file the appropriate forms with Defendants seeking permission to correspond with the identified inmate witnesses, and thereby permit Defendants to address any potential security and privacy concerns. [ECF Nos. 100, 102 and 105].

Plaintiff then filed a comprehensive Motion to Compel Discovery, [ECF No. 106], seeking the broad production of his medical records, inmate disciplinary files, and evidence concerning staffing in his Restricted Housing Unit. Defendants responded, raising several facially legitimate objections that the overwhelming majority of discovery sought was irrelevant and/or that production of the requested documents would create institutional security and safety

3

issues. This Court, with an abundance of caution and leniency, required Defendants to provide it with hundreds of pages of requested documents. The Court ordered production in both unredacted and proposed redacted forms, to permit judicial review of Defendants' proposed deletion of material deemed by the Department of Corrections to present security concerns. [ECF No. 120]. In addition, the Court required Defendants to provide Plaintiff with a discovery log, listing each of the documents submitted to the Court. After conducting an extensive review of the documents, it became clear to this Court that only a few documents were truly relevant to any underlying claim. However, in light of the broad scope of discovery, on December 3, 2012, the Court ordered the production of the redacted versions of the requested documents. [ECF No. 129]. On December 5, 2012, Defendants produced the redacted documents and delivered them to Plaintiff. [ECF No. 136-1, p. 7].

On December 4, 2012, apparently prior to his receipt of the documents listed in the discovery log, Plaintiff signed the pending "Motion for Sanctions/Extension of Time/And Motion to Compel," accusing Defendants of failing to produce the documents listed in the discovery log. The motion, filed on December 10, 2012, ignores Defendants' compliance with this Court's Order of October 12, 2012, directing that the documents first be submitted to the Court for *in camera* review prior to production to Plaintiff. Plaintiff accuses Defendants of "gamesmanship," and an "unethical effort to thwart" discovery in this action, "harassing plaintiff and being overly difficult" and "shamelessly exhibiting contempt of court." [ECF No. 131].

After filing his Motion to Compel at ECF No. 106, Plaintiff also filed a "Motion for Spoliation Hearing/Motion for Sanctions," [ECF No. 127], accusing Defendants of the intentional destruction of video evidence of the inmate assault at issue and accusing Defendants and counsel of "unethical tactics and possibly criminal acts to pervert the discovery process, and

4

the obstruction of justice." Plaintiff's Motion, in what can only be construed as an attempt to mislead the Court, disregards his own prior allegations that the assault at issue occurred outside of the range of any institutional camera, and therefore no video of the assault could possibly exist.[1] Defendants expressly informed Plaintiff at least twice that, as he must concede (based on the allegations in his Complaint), no video evidence of the assault exists. Plaintiff, however, latches onto a discovery response by Defendant Deal, wherein Defendant Deal admits to having viewed video of "the response" to the assault. See, ECF No. 134-1, "[t]his defendant did view video surveillance that was available. What this defendant saw as far as staff doing their job entailed the assigned RHU staff responding and acting appropriately to the assault." Presumably, Defendant Deal observed video depicting the response of staff after the attack, to the extent it was within camera range. However, this is NOT an admission of the existence of video of the assault which, again, Plaintiff conceded in his Complaint could not exist. Accordingly, the Court denied Plaintiff's Motion for Sanctions with regard to Plaintiff's allegations that video of the assault has been intentionally destroyed or withheld. [ECF No. 132, p. 3].

Plaintiff also sought video surveillance of his assailant's strip search, which apparently may have been reviewed by Defendant Deal, but which cannot be located. This Court has deferred consideration of Plaintiff's Motion for Spoliation Sanctions with regard to this video, but has ordered Defendants to compile and file with the Court appropriate affidavits concerning the custody and control of the strip search video surveillance. [ECF No. 132, pp.4-5].

---

[1] See, Plaintiff's Complaint, ECF No. 16, "Plaintiff was escorted by COI Rivers and placed in the third cage. Soon thereafter, Plaintiff was approached by COI Gild and moved to the fourth cage without any reasoning as to why. The cage that Plaintiff was removed from was in clear view of the camera that was in the recreation area. The cage Plaintiff was subsequently moved to was not in direct view of camera surveillance. At the time Plaintiff did not question this strategic move."

With discovery now concluded, Plaintiff continues to contend that additional discovery is needed, that Defendants should be sanctioned, and that he is entitled to a spoliation inference at any trial of this matter.

## II. DISCUSSION

### A. Inmate File

Turning to Plaintiff's current Motion for Sanctions at ECF No. 131 and Defendants' response thereto, Plaintiff alleges that Defendant should be sanctioned for failing to produce his Inmate File, including his "Cumulative Adjustment Record, and DC 14 and 15 records. It is apparent that Plaintiff's Motion for Sanctions is predicated upon Defendants' initial discovery log, prepared on or about November 13, 2012, prior to the Court's *in camera* review of the requested documents, and reflecting those documents which properly had been withheld, subject to Court review. As indicated by Defendants' response, the requested documents were produced on December 5, 2012, in compliance with this Court's order of December 3, 2012, and with appropriate redactions to account for institutional security. Therefore, Plaintiff's Motion for Sanctions is denied as moot.

### B. List of Assault/Fights in Exercise Yards

Through the Motions for Sanctions at ECF Nos. 131 and 133, Plaintiff seeks the imposition of sanctions arising out of Defendants' alleged failure to produce reports of assaults and fights in the Restricted Housing Unit ("RHU") exercise yards for the period September 14, 2010, through February 4, 2011. Defendants have previously produced appropriately redacted reports for this time period, indicating that the only fights for which records exist and for which incident reports were filed involved the Plaintiff. Upon the Court's review of these records, and to ensure that Plaintiff was provided all requested documentation, this Court, on December 3,

6

2012, entered an Order requiring Defendants to file an affidavit from the Records Custodian at SCI-Albion, "confirming that the **only** assaults which took place in the RHU Exercise Yards during the time period September 4, 2010, through February 2, 2011, are the two incidents involving Plaintiff, for which records have been produced." [ECF No. 129]. On December 7, 2012, the Defendants filed an affidavit from SCI-Albion Superintendent's Assistant Melinda Adams, indicating that her search of the computer files revealed no additional reported assaults in the exercise yards for the requested time period. Plaintiff, however, disagrees with Ms. Adams, claiming to know of at least two additional incidents for which he claims reports should exist. Accordingly, Plaintiff insists that Defendants are "shamelessly exhibiting contempt of court." [ECF No. 131, p. 3]. The Court is satisfied that Defendants have conducted a records search and produced all requested incident reports. Plaintiff's dissatisfaction with the response, predicated upon his belief that there are additional incidents [ECF No. 133, p. 4], does not give rise to an inference that evidence has been withheld, destroyed or altered. Accordingly, Plaintiff's Motions for Sanctions at ECF Nos. 131 and 133 are denied with regard to evidence of additional incidents in the RHU exercise yards.

### C. Signed Post Orders

Plaintiff alleges that Defendants have intentionally failed to produce signed post orders for two guards, only one of which was on duty at the time of his assault on September 14, 2010. This Court previously ordered Defendants to produce signed post orders for those guards on duty at the time of his assault. Defendants have produced those documents which exist. The Court recognizes Plaintiff's dissatisfaction with Defendants' inability to locate the post orders for one guard who was reassigned to the RHU, but Defendants' response does not give rise to sanctions.

7

As to another guard, Officer Rivers, Defendant has confirmed that he was not on duty at the time of Plaintiff's assault and, accordingly, there is no reason for Defendants to have produced his signed post orders. As a result, Plaintiff's Motion for Sanctions as to signed post orders is denied.

**D. Extension of Time**

Plaintiff seeks an extension of time to file his Pretrial Statement, originally due on October 1, 2012. [ECF No. 97]. Plaintiff's request was predicated upon his current Motion for Sanctions and Motion to Compel. On December 18, 2012, this Court granted Plaintiff an extension of time to February 11, 2013, to file his Pretrial Statement and to file a Motion for Summary Judgment with supporting exhibits and brief. No further extensions shall be granted.

**E. Motion for Proposed Discovery**

Plaintiff seeks leave of Court to conduct additional discovery to obtain copies of signed post orders on February 2, 2011,[2] the date of his second assault, because Plaintiff suspects that the officers were not aware of their duties. Plaintiff also seeks to broadly discover "information as to the regular assigned RHU security staff of officers COI Korb, Mulligan, Gibbs, C. Williams," who he alleges were in violation of a perceived mandate contained in DOC Procedure DC-ADM 6.5.1, limiting RHU staff to a two-year tenure. Plaintiff asserts that he has "inside information that each of these officers had been assigned to the RHU in excess of two years." [ECF No. 131, p.6]. Defendants object, challenging the requests as abusive in terms of the amount of discovery sought throughout this litigation, the unlimited and defined scope of the information sought with regard to each officer, and the late timing of these requests, on the eve of Motions for Summary Judgment.

---

[2] Plaintiff requests Post Orders for "February 4, 2012, being the second time Plaintiff was assaulted…" [ECF No. 131, p. 5. However, Plaintiff's operative Amended Complaint, filed on June 30, 2011, alleges that the second assault occurred on February 2, 2011. [ECF No. 16, pp. 14-15].

8

Plaintiff's Motion for Proposed Discovery is denied. The Court finds that Defendants' compliance or non-compliance with post orders or DC-ADM 6.5.1 is not at issue, "because we are not concerned with the possible violation of internal prison policy but rather the alleged violation of Plaintiff's federal constitutional rights, which exist quite independently of any authorization contained in DC–ADM 6.5.1. It is the Defendants' actual practices …, and not the language of the Policy itself, which must be judged against Eighth Amendment standards, and Plaintiff can attest to those actual practices based upon his own observations." Huertas v. Beard, C.A. No. 10-CV-10, 2012 WL 3096430 (W.D. Pa. July 30, 2012). Second, Plaintiff has had ample opportunity to request the additional discovery he now seeks with regard to post-orders on the date of his second assault on February 2, 2011, but has not offered a reasonable explanation for his failure to do so. Finally, this Court has previously instructed Plaintiff that to the extent he seeks to conduct additional broad and undefined discovery as he now proposes with regard to Officers Korb, Mulligan, Gibbs and C. Williams, such discovery should have accompanied his Motion, so that the relevance and relative burden to be imposed upon the parties could be determined. [ECF No. 95, p.4]. Plaintiff has failed to comply with this instruction, lending credence to Defendants' objections. Again, as this Court previously determined, "[g]iven Plaintiff's history of serving unduly burdensome and overbroad discovery, the Court is not persuaded by Plaintiff's claims that such discovery is proper or necessary." [ECF No. 95, p. 5]. Therefore, Plaintiff's Motions for additional discovery at both ECF No. 131 and 133 are denied. An appropriate Order follows.

**ORDER**

AND NOW, this 15th day of January, 2013, upon consideration of Plaintiff's "Motion for Sanctions/Extension of Time/And Motion to Compel" [ECF No. 131], and "Motion for Discovery And/Or Spoliation Sanctions" [ECF No. 133], and the briefs and exhibits filed in support and opposition thereto, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Plaintiff's Motions are DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1) and Rules 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Sean J. McLaughlin
United States District Judge

All counsel of record by Notice of Electronic Filing

Corey Bracey
GS-4754
SCI Smithfield
Box 999, 1120 Pike Street
Huntingdon, PA 16652