IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY BRACEY, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 11-04 E |
| | ) | |
| vs. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Maureen P. Kelly |
| Superintendent HARLOW; Deputy HALL; | ) | |
| Deputy BRYANT; Major GILLMORE; | ) | |
| Major SUTTER; Captain WHITE; Captain | ) | |
| FRONZ; Captain MORROW; Lieutenant | ) | |
| DEAL; Sergeant WOLFE; Correction | ) | |
| Officer STAFFORD; Dr. ROMAN; | ) | |
| WILLIAM WOODS; E. BROWNLEE, | ) | |
| GR-9693; Correction Officer HARMON; | ) | |
| Lieutenant IRWIN; and | ) | |
| Sergeant RUFF, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

Plaintiff Corey Bracey filed this civil rights action against, *inter alia*, Defendant E. Brownlee, claiming that on September 14, 2010, Defendant Brownlee assaulted him with a "shank" in an exercise yard at the State Correctional Institution at Albion ("SCI – Albion"). Because Plaintiff has failed to comply with an Order entered on January 9, 2013, to provide proper instructions for service no later than January 23, 2013, and for the reasons more fully set forth below, it is respectfully recommended that Defendant E. Brownlee be dismissed from this action.

1

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint in this action was received by the Court on January 4, 2011, naming "Joe Brownlee" as a Defendant. Defendant Brownlee was identified as a prisoner housed at SCI – Albion, who "assaulted Plaintiff with a deadly weapon in the RHU" on September 14, 2010. [ECF No. 1]. An Amended Complaint was filed on June 3, 2011, and "E. Brownlee GR-9693" was substituted as a defendant. [ECF No. 16]. On October 28, 2011, Plaintiff filed a Motion for Default Judgment as to "Defendant Joe Brownlee," alleging his entitlement to the entry of default inasmuch as Defendant Joe Brownlee had not filed an Answer or other responsive pleading. [ECF No. 58]. On November 4, 2011, this Court entered an Order, dated November 3, 2011, denying Plaintiff's Motion for Default, because Plaintiff had filed an Amended Complaint naming Earl Brownlee as a defendant, and Earl Brownlee had not been served with the Amended Complaint in which he was named as a defendant. [ECF No. 64].

Six months later, on April 2, 2012, Plaintiff filed a second Amended Complaint to correct that caption as to "Defendant E. Brownlee GR 9693." [ECF No. 82]. Plaintiff filed a "Motion for Service by U.S. Marshal of the First Amended Complaint Upon Defendant Brownlee by Corey Bracey," [ECF No. 85]. However, because the second Amended Complaint was filed without leave of Court, upon Defendants' Motion, the Amended Complaint was stricken on May 18, 2012, except to the extent it sought to correct the caption to reflect the correct name of Defendant "E. Brownlee GR 9693." [ECF No. 93]. Plaintiff was directed to submit service papers, including a properly addressed Marshal's 285 Form, so that service could be effectuated as to E. Brownlee. Due to an error in filing, Plaintiff's service papers were located on September

2

5, 2012, and the Marshal was directed to make service of the first Amended Complaint on Defendant E. Brownlee, as directed by Plaintiff. [ECF No. 111].

On October 16, 2012, a Notice of Inability to Effectuate Service by mail was filed by the United States Marshal, indicating that the Waiver of Service was returned unexecuted by Defendant Brownlee. [ECF No. 121]. On October 17, 2012, the Marshal was directed to make personal service upon Defendant Earl Brownlee, Inmate # GR-9693, as directed by Plaintiff.

On January 9, 2013, the Court received notification from the United States Marshal that sometime in early December, 2011, Plaintiff notified their office that Defendant Brownlee had been moved and that Plaintiff was requesting the assistance of the United States Marshal to locate him. In response to Plaintiff's request, the Marshal's Office sent the Plaintiff a letter dated December 13, 2012, advising Plaintiff that it is not the Marshal's Office responsibility to track down defendant addresses for civil cases and directed Plaintiff to supply a true and correct address to serve Defendant E. Brownlee. Plaintiff was advised that his failure to provide an address would result in having the complaint returned to the Court unexecuted by the Marshal's Office. [ECF No. 135].

Subsequently, this Court entered an Order on January 9, 2013, advising Plaintiff that it is neither the Court's responsibility nor the U.S. Marshal's responsibility to locate defendants in civil actions in order for service to be effectuated. It is the Plaintiff's responsibility to obtain this publicly available information and to provide an address to the Marshal's Office so that service can be effectuated in compliance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff was directed to provide the U.S. Marshal's Office with proper instructions for service as to Defendant E. Brownlee by January 23, 2013, or risk dismissal of this action as to Defendant E. Brownlee for Plaintiff's failure to prosecute as to this Defendant. [ECF No. 135].

On January 17, 2013, the Court was contacted by the Marshal's Office, who indicated that Plaintiff directed service on Defendant Brownlee at the State Correctional Institution at Dallas, but that Defendant Brownlee could not be located at that institution. The Summons was returned unexecuted. Accordingly, the Court entered a text Order, reflected on the docket and served on the Plaintiff, informing Plaintiff that he had not provided an accurate address for Defendant Brownlee, and that he remained obligated to do so by January 23, 2013, or risk dismissal as to Defendant Brownlee.

As of this day, February 5, 2013, over two years after the initiation of this action, Plaintiff still has failed to provide an accurate address to effectuate service upon Defendant Brownlee.

    **B.**    **DISCUSSION**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff has 120 days from the date he filed his complaint to serve the complaint on defendants. "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The court can, at its discretion, extend the time for service where a plaintiff has not shown good cause for delay. Fed. R.Civ.P. 4(m).

In the case at issue, Plaintiff's second Amended Complaint as to Earl Brownlee was filed on April 2, 2012. Plaintiff has been provided several opportunities to properly direct service on this defendant, but has failed to do so. Further, on January 9, 2013, Plaintiff was provided notice of his obligation under Fed.R.Civ.P. Rule 4 to provide a correct address so that service could be effectuated by the United States Marshal and was ordered to comply no later than January 23, 2013. Plaintiff has failed to comply. He was reminded of this obligation on January 17, 2013. Plaintiff has made no further attempts to provide a proper address for service

for Defendant Earl Brownlee and, therefore, it is recommended that Defendant Earl Brownlee be dismissed from this action.

### C. CONCLUSION

For the foregoing reasons, is respectfully recommended that Defendant Earl Brownlee be dismissed from this action and the caption be amended to reflect his dismissal.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Sean J. McLaughlin
United States District Judge

All counsel of record by Notice of Electronic Filing

Corey Bracey
GS-4754
SCI Smithfield
Box 999, 1120 Pike Street
Huntingdon, PA 16652