IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY BRACEY, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 11-04 E |
| | ) | |
| vs. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Maureen P. Kelly |
| Superintendent HARLOW; Deputy HALL; | ) | |
| Deputy BRYANT; Major GILLMORE; | ) | |
| Major SUTTER; Captain WHITE; Captain | ) | |
| FRONZ; Captain MORROW; Lieutenant | ) | ECF No. 150 |
| DEAL; Sergeant WOLFE; Correction | ) | |
| Officer STAFFORD; Dr. ROMAN; | ) | |
| WILLIAM WOODS; E. BROWNLEE, | ) | |
| GR-9693; Correction Officer HARMON; | ) | |
| Lieutenant IRWIN; and | ) | |
| Sergeant RUFF, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

**KELLY, Magistrate Judge**

## I.    BACKGROUND

This action arises out of an assault that occurred at the State Correctional Institute at

Albion ("SCI – Albion"), when inmate Defendant E. Brownlee ("Brownlee") assaulted inmate

Plaintiff Corey Bracey ("Plaintiff" or "Bracey") with a "shank" fashioned from the metal clip of

a clipboard. Plaintiff alleges that each of the Pennsylvania Department of Corrections' ("DOC")

Defendants intentionally failed to protect him from Brownlee's assault and/or facilitated the

attack by willfully disregarding safety procedures.

Pending before this Court is Plaintiff's Motion for Discovery Sanctions, ECF No. 150,

which arises out of apparent inconsistencies in discovery responses provided by Defendant

Correction Officer Stafford ("Officer Stafford"). The contradictory discovery responses concern Officer Stafford's alleged failure to comply with the DOC's procedures regarding the need to conduct a "pat down" search when an inmate housed in the Restricted Housing Unit ("RHU") leaves his cell, even though a visual strip search has been conducted. In particular, Plaintiff points to Defendant Stafford's Responses to Plaintiff's Interrogatories dated May 10, 2012, wherein Defendant Stafford affirmatively stated that he conducted a "pat search" of Plaintiff's assailant, but "made a mistake of not using the metal detector." [ECF No. 150-1, p. 3-4]. Plaintiff argues that the interrogatory responses directly contradict statements that Stafford made at a pre-disciplinary conference on October 22, 2010. [ECF No. 150-3, pp. 3-4].

The interrogatories and corresponding responses at issue are as follows:

**Interrogatory No. 3:**

3. You stated that on September 14, 2010, there was no available metal detector wand present on the pod. Also that no other officers were using the metal detector. Is it fair to say that you did not pat-search and use the metal detector on prisoners upon them exiting the cell, because you were an inexperienced officer and you were only following the procedures that you saw other officers employing?

**Response:**

This officer did perform a pat search and made a mistake on not using the metal detector.

**Interrogatory No. 4.**

4. You stated that even if you had of used the metal detector, it would not have discovered the weapon because the detector would have went off due to the metal handcuffs. Do you also feel you would not have noticed the weapon through the pat-search had you conducted it.

**Response:**

Once again, a pat search was conducted.

[ECF No. 150-1, p. 3-4].

At the time these interrogatories were answered, Defendant Stafford's prior statements at his pre-disciplinary conference had not yet been produced to Plaintiff. However, after review of the statements and consideration of Plaintiff's Motion to Compel [ECF No. 106], this Court ordered production of the pre-disciplinary conference report, redacted as necessary to preserve confidential personal information and governmental privilege related to investigative records. [ECF No. 129].

Defendant Stafford's statements at the pre-disciplinary conference reveal that he conducted a visual strip search of Defendant Brownlee, but after Defendant Brownlee dressed to leave his cell, Defendant Stafford failed to comply with post-orders to conduct a pat search or use a metal detector to make certain the inmate did not obtain possession of a weapon while getting dressed after the strip search.

> I did read the post orders and did not know about the pat search when the inmate comes out of the cell and to use the metal detector. I have only worked in the RHU 4 times and I was not really taught the right procedures in the RHU.

[ECF No. 150-3, pp. 3-4].

Furthermore, the investigation conducted after the assault revealed that Defendant Stafford did not pat search or wand Defendant Brownlee.

> The interviews of the staff involved with the strip search indicate the strip searches were conducted, however once the inmate was removed from the cell he was not pat searched or processed with the hand held metal detector as per post orders.

[ECF No. 150-3, p. 3].

Plaintiff contends that the discrepancy between the interrogatory responses and the pre-disciplinary conference statements is an act of intentional fraud on the judicial process on the part of either Defendant Stafford or his attorney, or both. Plaintiff seeks the imposition of sanctions against both pursuant to federal law as well as Rules 11 and 26(g) of the Federal Rules

3

of Civil Procedure.

The DOC Defendants filed a Response to Motion for Discovery Sanctions. [ECF No. 155]. In the Response, they argue that the alleged inconsistency is not sanctionable, but is appropriate for use at any trial of this matter to challenge the witness's credibility. Defendants point to the absence of harm caused by the discrepancy inasmuch as Plaintiff has been made aware of it prior to deadlines for anticipated motions for summary judgment and pre-trial statements. [ECF No. 155, p. 2].

On March 28, 2013, this Court heard oral argument on Plaintiff's Motion for Sanctions, with Plaintiff participating via video-conference. In presenting his argument, defense counsel admitted that an error was made, but that it was the result of inadvertence, not bad faith. Defense counsel explained that in answering the interrogatories, Defendant Stafford mistakenly equated "strip search" for "pat search." Defendant Stafford misinterpreted the question and because he had conducted a strip search, stated in the affirmative that he had conducted a "pat search." Defense counsel also accepted responsibility for the error, and requested that the Court consider: (1) the number of discovery requests propounded by the Plaintiff in each of his cases pending before this Court for which defense counsel was responsible; (2) the current prisoner civil rights caseload of the Pittsburgh office of the Pennsylvania Attorney General before the United States District Court for the Western District of Pennsylvania; (3) that the Pittsburgh office of the Pennsylvania Attorney General is understaffed due to the recent retirement of one attorney and the unexpected resignation of another attorney; (4) the staffing of one "discovery" paralegal for seven attorneys; and (5) the fact that the pre-disciplinary conference record was not available to defense counsel at the time the interrogatories were served. Defense counsel also stated that pursuant to Rule 26(e)(2), he would amend the interrogatory responses at issue and

4

further offered to concede the error as an admission at any trial of this matter, to wit, an admission that Defendant Stafford failed to conduct a pat search when inmate Brownlee exited the cell.

Plaintiff argued that the inconsistent discovery responses constituted a fraud on the Court that required the imposition of sanctions. He asserted that no substantial justification was offered for the inconsistent responses and that it was objectively unreasonable for Defendant Stafford to claim that a pat search was conducted. In addition, Plaintiff argued that in the absence of an award of sanctions, no penalty would accrue to Defendants if the case does not progress to trial. Plaintiff informed the Court that his copying expenses in preparing the Motion for Sanctions, brief in support and exhibits are approximately $ .10 per page and that he pays $4.00 for each pack of paper.

**II.    STANDARD OF REVIEW**

There are a number of sources of authority for this Court to impose discovery sanctions, in addition to the Court's inherent power to do so. The Court will review these briefly.

First, 28 U.S.C. § 1927 states: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The focus of Section 1927 is on the conduct of the attorney. Section 1927 "requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." In re Prudential Ins. Co. America Sales Practice Litig., 278 F.3d 175, 188 (3d Cir. 2002).

The second source for sanctions is found in the Federal Rules of Civil Procedure. In particular, Rule 26(g) mandates that all discovery documents be signed by the party personally if unrepresented or by at least one attorney of record. "[T]he signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." 1983 Amendment, Advisory Committee Notes. The 1983 Advisory Committee notes explain that there is an "affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purpose of the [Rules]." Rule 26(g) is designed to curb discovery abuse by encouraging the imposition of sanctions where a party or an attorney improperly certifies that the disclosed information is correct as of the time it is made. Incorporated in this effort is the duty pursuant to Rule 26(e)(2), "seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect." Rule 26(g)(3) provides that if a discovery certification violates the rule without substantial justification, the Court "must" impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay "reasonable expenses, including attorney's fees, caused by the violation." However, prior to imposing sanctions, the Court must first find that the certification was "objectively unreasonable under the circumstances." Notably, Rule 26 (g) "does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request." Thus, the lawyer's certification under Rule 26(g) should be distinguished from other signature requirements in the rules, such as those in Rules 30(e) and 33." Fed. R. Civ. P. 26

As noted by Plaintiff during oral argument on his Motion for Sanctions, the imposition of sanctions under Rule 26(g) is phrased in mandatory language unless the Court finds that the

6

failure was substantially justified or harmless. <u>Grider v. Keystone Health Plan Central, Inc.</u>, 2007 WL 2874423 (E.D. Pa. 2007). *Cf.* Rule 37(a)(5)(A)(iii) (sanctions not appropriate if "other circumstances make an award of expenses unjust"); <u>Winner v. Etkin & Co., Inc.</u>, 2008 WL 5429623 (W.D. Pa. Dec. 31, 2008).

Plaintiff also cites Rule 11 of the Federal Rules of Civil Procedure, as a third source for the imposition of sanctions. Rule 11 provides, in relevant part:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name.... By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney ... certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances, the factual contentions have evidentiary support or ... will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.... If, after notice and a reasonable opportunity to respond, the court determines that Rule 11[ ] has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation....Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11 (2012) (emphasis added). Rule 11 imposes upon attorneys an affirmative duty to conduct a reasonable investigation into the facts of a claim both prior to filing suit and thereafter in order to ensure that the assertions contained in each paper submission are made with reasonable belief that they are well-grounded in fact. <u>See Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc.</u>, 999 F.2d 745, 751 (3d Cir. 1993) ("Rule 11 imposes on any party who signs a document submitted to the court an affirmative duty to conduct a reasonable inquiry into the facts and law before filing"). <u>See also</u> Fed. R. Civ. P. 11, Advisory Committee Notes to 1993 Amendment (Rule 11 "applies only to assertions contained in papers filed with or submitted to the court"). However, Rule 11(d) specifically provides that sanctions authorized under the Rule

do "not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."

Finally, Plaintiff cites to 28 U.S.C. § 1746 as a source for sanctions. This statute permits the evidentiary use of signed declarations when sworn to "under penalty of perjury." This statute, however, does not provide for a private cause of action.

## III.  DISCUSSION

The Court finds that the discrepancy at issue is troubling, but does not warrant the imposition of sanctions against Attorney Willig or Defendant Stafford. First, the discrepancy at issue is not part of a pattern of obstructive behavior on the part of defense counsel or Defendant Stafford. The challenged answers to interrogatories were made based upon information from Attorney Willig's client and the documentation available for their review at the time the interrogatory was served and the response was prepared. Throughout this action, Attorney Willig has responded to a substantial number of interrogatories, requests for production of documents and requests for admissions. Given the possible security issues posed by many of Plaintiff's discovery requests, defense counsel was required to present facially valid objections, which required this Court to assess the necessity for the information requested against the need for institutional security. To aid this process, defense counsel and/or the assigned paralegal compiled well over one thousand documents for *in camera* review by this Court in both redacted and unredacted form as well as a discovery log for Plaintiff, identifying the document and the reason for the review. Of the hundreds of pages requested by Plaintiff, only a handful were determined by this Court to be truly relevant to this action and all were provided to Plaintiff with appropriate redaction as directed by this Court. Based on the pattern of conduct of defense counsel in this case, this Court finds that the alleged inconsistency is an anomaly. It does not

8

demonstrate a fraud upon the Court and it is certainly not representative of defense counsel's litigation of this action.

Second, other than the process of drafting and filing his Motion for Sanctions, Plaintiff has not suffered any harm from his initial receipt of Defendant Stafford's inconsistent interrogatory answers. As is clear from his Motion, Plaintiff has received the pre-disciplinary conference statements, wherein Defendant Stafford disclosed that he did not conduct the secondary pat down as required by the post orders for the Restricted Housing Unit. As revealed by the statements, Defendant Stafford had not worked in the unit often and while generally aware that were additional security measures to be taken in the unit, he believed that requiring Plaintiff's assailant to strip for a visual search before leaving his cell was sufficient to ensure the safety of guards and inmates in the exercise yard. Defendant Stafford also offered that he confused the meaning of "strip search" and "pat search" given the fact that he had conducted a visual strip search prior to Defendant Brownlee's removal from his cell. As argued by defense counsel during oral argument of the Motion for Sanctions, Plaintiff may use the discovery responses in cross examination of Defendant Stafford, as prior inconsistent statements and for impeachment purposes during a trial of this action. Furthermore, Plaintiff may file a motion at the pre-trial stage of this case requesting that District Judge McLaughlin give an adverse inference instruction to the jury should he deem such an instruction warranted.

Finally, the information provided does not establish an intentional or willful violation of Plaintiff's constitutional rights, which is required to sustain a viable claim for the violation of Plaintiff's Eighth Amendment rights. At most, Defendant Stafford's testimony reveals a misunderstanding regarding the need for a pat-down and "wanding" with a metal detector, even after an RHU inmate has been visually strip searched and is handcuffed before leaving his cell.

Accordingly, because the discrepancy has not resulted in any prejudice to Plaintiff's claim or his ability to prepare for this litigation, the Court finds that sanctions are not warranted.

**IV.    CONCLUSION**

For the foregoing reasons, the Motion for Sanctions [ECF No. 150] is denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

DATED: 23 April 2013                    BY THE COURT,

                                        MAUREEN P. KELLY
                                        UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Sean J. McLaughlin
       United States District Judge

       All counsel of record by Notice of Electronic Filing

       Corey Bracey
       GS-4754
       SCI Smithfield
       Box 999, 1120 Pike Street
       Huntingdon, PA 16652