# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, | ) |
| Plaintiff, | ) Case No. 1:11-cv-4-SJM-MPK |
| v. | ) |
| SUPERINTENDENT HARLOW, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Plaintiff, a former inmate at SCI-Albion, commenced this civil rights action after being attacked by a fellow prisoner in possession of a "shank." Plaintiff has claimed that various prison officials violated his Eighth Amendment rights by failing to prevent the assault and/or by enabling the attack through their disregard of prison safety procedures. Plaintiff's theory is that, after his assailant (identified as "E. Brownlee") had been strip searched and while he was dressing, he retrieved and concealed on his person the shank that was subsequently used to assault Plaintiff. It is alleged that Corrections Officer Stafford, one of the named Defendants in this case, failed to conduct a required pat down of Brownlee and/or scan him with a metal detector wand prior to allowing him to leave his cell in the RHU area.

During the course of discovery, Correction Officer Stafford asserted in answers to interrogatories and requests for admissions that he had conducted a "pat search" of Brownlee on the day in question. However, Plaintiff subsequently came into possession of documents which indicate otherwise. At a pre-disciplinary conference held in

October of 2010, Stafford acknowledged that he "did not know about the pat search when the inmate comes out of the cell and to use the metal detector." (Pl.'s Mot. for Discovery Sanctions, Ex. 3 [150-3] at p. 4.)  Also, a post-assault investigation based on staff interviews indicated that "the strip searches were conducted, however once the inmate was removed from the cell he was not pat searched or processed with the hand held metal detector as per post orders."  (Id. at p. 3.)

Based on these discrepancies, Plaintiff filed a Motion for Discovery Sanctions [150], claiming that Stafford and/or his attorney perpetrated an intentional fraud on the judicial process.  On April 23, 2013, the Magistrate Judge issued an Opinion and Order [169] denying Plaintiff's motion.  Pending before the Court is Plaintiff's appeal from the Magistrate Judge's April 23, 2013 ruling.

District courts may reconsider a magistrate judge's ruling regarding a non-dispositive pre-trial issue such as discovery only if it is "clearly erroneous or contrary to law.'"  28 U.S.C. § 636(b)(1)(A).  It is well settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues.  *See Gerald Chamales Corp. v. Oki Data Americas, Inc.,* 247 F.R.D. 453, 454 (D.N.J. 2007) (citing cases).  *See Ball v. C.O. Struthers,* Civil No. 1:11-CV-1265, 2011 WL 4891026 at *1 (M.D. Pa. Oct. 13, 2011) ("District courts provide magistrate judge's with particularly broad discretion in resolving discovery disputes.") (citing *Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997)).  "When a magistrate judge's decision involves a discretionary (discovery) matter..., 'courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard.'"  *Ball, supra,* at *1 (quoting *Saldi v. Paul Revere Life Ins.*

*Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004)).  *See also Victor v. Lawler,* No. 12-2591, 2013 WL 1681425 at *1 (3d Cir. April 18, 2013) (applying abuse-of-discretion standard in reviewing Magistrate Judge's decision regarding request for sanctions); *Amfosakyi v. Frito Lay, Inc.,* 496 Fed. Appx. 218, 225 (3d Cir. 2012) (same).

On appeal, Plaintiff contends that Officer Stafford's allegedly falsified discovery responses warrant an imposition of sanctions against both Stafford and defense counsel pursuant to rule 26(g)(3) of the Federal Rules of Civil Procedure.  I do not agree that an award of sanctions was mandated in the present case.

Rule 26(g) requires that all discovery responses be signed by an attorney of record where the party making the response is represented by legal counsel.  Fed. R. Civ. P. 26(g)(1) ("Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery response, or objection must be signed by at least one attorney of record in the attorney's own name").  The attorney's signature acts as a certification that, among other things, any discovery responses were "consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law," "not interposed for any improper purpose," and "neither unreasonable nor unduly burdensome or expensive." Fed. R. Civ. P. 26(g)(1)(B)(i),(ii), and (iii).  If a certification violates the rule "without substantial justification," the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both."  Fed. R. Civ. P. 26(g)(3). Sanctions may include an order to pay the "reasonable expenses, including attorney's fees, caused by the violation."  Fed. R. Civ. P. 26(g)(3).

Here, the Magistrate Judge concluded that an imposition of sanctions under Rule 26(g) was not appropriate because the discrepancy at issue was not part of a pattern of obstruction on the part of Stafford or his attorney and because Plaintiff's receipt of Stafford's initial discovery responses had not harmed his ability to prosecute his Eighth Amendment claim.  Plaintiff contends that the Magistrate Judge erred in accepting Stafford's explanation that he had confused a pat search with a strip search and in accepting defense counsel's explanation that he had an overwhelming case load.

Upon consideration of Plaintiff's appeal, the Court finds that the Magistrate Judge did not abuse her discretion in denying Plaintiff's motion.  To the extent the Magistrate Judge credited Stafford's explanation – and thereby found "substantial justification" -- for his inconsistent discovery responses, she acted well within the range of her considerable discretion.

Plaintiff contends on appeal that Stafford could not have confused the pat search for the strip search based on the fact that he was found to be in violation of an RHU post order because of a failure to conduct a pat search.  In support of his appeal, Plaintiff submits the following request for admission and Stafford's answer:

> 11.  Admit that you were found guilty of violating your post-order of not pat-searching and [sic] metal detector of Brownlee on 9/14/10.
>
> Response:
>
> 11.  This statement is Denied as stated.  This defendant did do a pat search and did not use this [sic] metal detector.

(See Appeal 178-1] at pp. 2-3.)

Plaintiff acknowledges that he raised these same points before the Magistrate Judge to no avail.  Whether or not Stafford's professed confusion between strip

searches and pat searches should be credited in light of his disciplinary proceedings and whether or not this explanation constituted "substantial justification" within the meaning of Rule 26(g) were issues for the Magistrate Judge to determine in her discretion. The Magistrate Judge did not commit clear error or abuse her broad discretion in denying Plaintiff's motion for sanctions under the circumstances here.

Insofar as the actions of defense counsel are concerned, the Magistrate Judge correctly observed that Rule 26(g) "does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request." Fed. R. Civ. P. 26, commentary to 1983 Amendment. "Rather, the signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." *Id.* Thus, the Magistrate Judge did not err in determining that no sanctions were warranted against defense counsel based on Officer Stafford's responses to discovery.

It is also notable that Rule 26(g)(3) permits sanctions, including reasonable expenses "caused by the violation" of the Rule. Fed. R. Civ. P. 26(g)(3). Accordingly, some courts have interpreted Rule 26(g)(3) as incorporating a requirement that there be harm resulting from the alleged violation of the Rule. *See, e.g., Singer v. Covista, Inc.,* Civil Action No. 10-6147 (JLL); 2013 WL 1314593 at *9 (D.N.J. Mar. 28, 2013) ("[T]he Court cannot impose sanctions pursuant to rule 26(g) if it finds that the non-compliant party's failure was substantially justified or harmless."); *Winner v. Etkin & Co., Inc.,* No. 2:07-cv-903, 2008 WL 5429623 at *5 (W.D. Pa. Dec. 31, 2008) ("The imposition of sanctions under Rule 26(g) … is phrased in mandatory language unless the Court finds that the failure was substantially justified or harmless."). Here, the record supports the

Magistrate Judge's finding that Plaintiff was not harmed by any inaccuracies in Stafford's initial discovery responses.

As the Magistrate Judge observed, Plaintiff has obtained through discovery information supporting his position that Defendant Stafford failed to conduct the required pat-down search of Brownlee.  Should this case proceed to trial, Plaintiff will be able to use this material in support of his theory that prison officials failed to follow proper safety procedures.  Plaintiff will likely also be able to use this material as a means of establishing inconsistent statements on the part of Stafford in the event Stafford testifies at trial.  Finally, if this case proceeds past the Rule 56 stage, Plaintiff may decide to request that the jury be given an adverse inference instruction, although the Court makes no determination at this time as to whether such an instruction would be appropriate.

Plaintiff also faults the Magistrate Judge for having allegedly misstated the legal standard for an Eighth Amendment failure-to-protect claim.  Upon consideration of this argument the Court finds no basis for overturning the Magistrate Judge's decision to deny Plaintiff's motion for sanctions.  Accordingly, the following Order is entered:

AND NOW, to wit, this 22nd Day of May, 2013, this Court having considered Plaintiff's appeal [178] and finding no abuse of the Magistrate Judge's discretion in regards to her ruling of April 23, 2013 [169], and further finding that the Magistrate Judge did not commit clear error or otherwise act contrary to law, *see* 28 U.S.C. §636(b)(1)(A), therefore, IT IS ORDERED that the instant appeal shall be, and hereby is, DENIED and the aforementioned Order of the Magistrate Judge shall be, and hereby is, AFFIRMED.

                                                  s/    <u>Sean J. McLaughlin</u>

                                                      SEAN J. McLAUGHLIN
                                                      Chief U.S. District Judge

cm:    All counsel of record.
        Magistrate Judge Maureen P. Kelly