IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY BRACEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-4 E |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| SUPERINTENDENT HARLOW, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

For the reasons that follow, Judge Kelly's August 6, 2013 order will be affirmed.

Plaintiff Corey Bracey, a former inmate at SCI-Albion, has claimed, in relevant part, that officials at that institution (the "Commonwealth Defendants") violated his Eighth Amendment rights by failing to prevent the assaults and/or by enabling them through their disregard of prison safety procedures.

The Commonwealth Defendants filed a motion for summary judgment [Doc. 170] with respect to Plaintiff's claims, and Plaintiff filed his own motion for partial summary judgment [Doc. 142]. On June 24, 2013, Plaintiff filed his response in opposition to the Commonwealth Defendants' summary judgment motion [Doc. 182]. In his response, Plaintiff made repeated references to the DOC's Procedures Manual 6.5.1, *Administration of Security Level 5 Housing Units* and argued that the Commonwealth Defendants had violated the manual in certain respects. Plaintiff has maintained that the Commonwealth Defendants' practices in the SCI-Albion RHU was the cause of his injury and manifested a deliberate indifference to Plaintiff's safety.

1

On July 15, 2013, the Commonwealth Defendants filed a Motion for Leave to File Reply With Exhibits Under Seal [Doc. 185]. In their motion, the Defendants represented that Plaintiff had misstated and/or misconstrued portions of the manual. They requested leave to file a reply brief attaching the relevant portions of the manual in order to clear up any confusion as to what the manual does and does not say. At the same time, the Commonwealth Defendants argued that Procedures Manual 6.5.1 is highly confidential and cannot be disclosed to inmates, so they requested leave to file their reply and attached portions of the manual under seal. The following day, Judge Kelly granted this motion [Doc. 187].[1] Both a copy of the Commonwealth Defendants' Motion for Leave to File Reply With Exhibits Under Seal and a copy of Judge Kelly's July 16, 2013 order were served on Plaintiff. Thereafter, the Commonwealth Defendants filed under seal a reply brief in support of their motion for summary judgment with portions of Procedures Manual 6.5.1 attached as exhibits [Doc. 189].

Judge Kelly subsequently entered a Memorandum Order on August 6, 2013 [Doc. 194] in which she clarified that she had intended to permit only the filing of the confidential security procedures under seal so as to permit the Court an opportunity to review the material *in camera*. Judge Kelly ordered that the Commonwealth Defendants' sealed reply brief be stricken from the record; however, she permitted the attached exhibits (the portions of Procedures Manual 6.5.1 referenced by Plaintiff) to remain on the record under seal in recognition of their purported relevance to Plaintiff's claims.

District courts may reconsider a magistrate judge's ruling regarding a non-dispositive pre-trial issue only if it is "clearly erroneous or contrary to law.'" 28 U.S.C. §636(b)(1)(A); LCvR 72(C)(2). Generally, a plaintiff must demonstrate an abuse of the Magistrate Judge's

---

[1] Plaintiff's appeal from Judge Kelly's July 16, 2013 order has been addressed by this Court by way of a separate order.

discretion in order to provide grounds for a reversal of the challenged ruling. *See Katiroll co., Inc. v. Kati Roll and Platters, Inc.*, No. Civ. A. 10-3620, MAS, Civ. A. 11-4781 MAS, 2013 WL 3897598 at *3 (D.N.J. July 19, 2013) ("When a non-dispositive matter has been decided by a magistrate judge, the ruling "is entitled to great deference and is reversible only for abuse of discretion.") (citation omitted).

In this case, the Magistrate Judge did not abuse her discretion in permitting the Commonwealth Defendants to file portions of Procedures Manual 6.5.1 under seal. While Plaintiff characterizes the Magistrate Judge's order as an "ex parte" ruling that denied him an opportunity to challenge the Commonwealth Defendants' Motion for Leave to File Reply With Exhibits Under Seal, the Magistrate Judge did not nothing more than permit the Commonwealth Defendants to supplement the summary judgment record with the actual policy materials that Plaintiff himself had relied upon and purported to summarize. The Magistrate Judge did not abuse her discretion by making this ruling in the absence of a response by the Plaintiff.

Plaintiff complains that he has been unfairly prejudiced by virtue of the fact that he is unable to know what has been filed and argued by the Commonwealth. Insofar as the Commonwealth Defendants' sealed reply brief is concerned, there is no reason to believe that Plaintiff has been prejudiced by any arguments made by Defendants therein, because Judge Kelly struck Defendants' sealed reply brief from the record. Similarly, there is no unfair prejudice to Plaintiff as a result of Judge Kelly's decision to accept the sealed document, as Plaintiff himself opened the door on this evidentiary issue by arguing that the manual was relevant to his Eighth Amendment claim and by purporting to cite the manual's contents. To the extent the provisions of Procedures Manual 6.5.1 could have any potential relevance to Plaintiff's claims, the placement of that document under seal for purposes of *in camera* review

by the Magistrate Judge does not unfairly prejudice Plaintiff. Moreover, our review of the Magistrate Judge's R&R relative to the pending summary judgment motions suggests that she did not rely on the sealed materials at all. Instead, it appears that, for purposes of her R&R, Judge Kelly accepted Plaintiff's representations as to what the Procedures Manual requires.

Plaintiff also contends that the Magistrate Judge's ruling was erroneous inasmuch as Third Circuit precedent required the Commonwealth Defendants to make a strong showing in order to overcome the presumptive right to public access of court filings, and that Commonwealth Defendants cannot make the requisite showing inasmuch as Procedures Manual 6.5.1 is publically available via the internet. This argument lacks merit. As one court has explained:

> [v]alid claims of privilege still restrict the court's discretion in ruling on discovery issues. Recognizing this fact, when addressing inmate requests that may appear to be relevant, but implicate potential threats to security or other valid objections to the production thereof, the use of in camera inspection has been adopted by courts. The court can then review the information and determine: (1) whether this information is relevant to the issues raised in this case; (2) whether it is subject to any valid claim of privilege recognized by the Federal Rules; and, (3) to what extent, in what format, and under what conditions it may be released to the plaintiff.

*Pressley v. Huber*, Civil No. 3:CV–08–0449, 2013 WL 549698 at *1 (M.D. Pa. Feb. 12, 2013). Indeed, recognizing the sensitive nature of Procedures Manual 6.5.1 and the DOC's need to prevent disclosure of the manual to inmates for legitimate security reasons, such *in camera* review is not unusual. *See, e.g., Houser v. Beard*, Civil Action No. 10–0416, 2013 WL 3943510 at *9 (W.D. Pa. July 30, 2013); *Pressley, supra,* at *1-2 (discussing the court's direction that

defendants produce Policy 6.5.1 for *in camera* review in light of their stated security concerns relative to that document).[2]

For the reasons stated above, Plaintiff's appeal [Doc. 196] from the Magistrate Judge's Order of August 6, 2013 [Doc. 194] is DENIED, and the aforementioned order is AFFIRMED.

IT IS SO ORDERED.


September 6, 2013                                                  s\Cathy Bissoon
                                                                     Cathy Bissoon
                                                                      United States District Judge

cc (via ECF email notification):

All Counsel of Record


cc (via First-Class U.S. Mail):

Corey Bracey
GS4754
SCI Graterford
PO Box 244
Graterford, PA 19426-0244

---

[2] Plaintiff also contends that, if he had been permitted to respond to the Commonwealth Defendants' motion to place the materials under seal, he would have requested an alternative – namely that the Defendants provide him with a declaration that fully and accurately summarizes the policies at issue. Had Plaintiff made such a request, there is, of course, no guarantee the Magistrate Judge would have granted it, nor would a denial of such a request constitute an abuse of discretion. In any case, however, the Court has already noted that the Magistrate Judge did not rely at all on the policy provisions in rendering her Report and Recommendation, so the acceptance of such materials under seal cannot be said to have unfairly prejudiced Plaintiff.